REUBEN H. THRALL *v.* ROYAL H. WALLER.

An action of debt will lie upon the decree of a court of chancery, fixing the balance of an account between partners.

DEBT, upon a decree of the court of chancery, duly enrolled, in favor of the plaintiff against the defendant, for the payment of a balance of an account between the parties, as partners.

Demurrer to the declaration and joinder.

There were no objections to the *form* of the declaration.

The question presented for the decision of the court was, whether an action of debt could be maintained upon this decree of the court of chancery.

The county court decided that the declaration was sufficient, and the defendant excepted to this decision.

*E. F. Hodges,* for defendant.

The ground of demurrer is, that an action, at law, will not lie on a decree in equity.

1. The forms of proceeding in the two courts are entirely distinct. The principles upon which they act, and the method of affording relief, are different, and, in many instances, opposed to each other.

2. The origin of a court of equity was in the inability of the law to afford relief. And it is not until legal reme-

dies are found of no avail that the jurisdiction of chancery begins. In the case at bar, the law had no power to afford relief in the commencement of the proceedings. The trial has been had and a decree obtained according to the rules of equity. Does this proceeding in chancery change the nature of the claim and give the courts of law jurisdiction, where they had none originally ?

There are many cases where the courts of law could not enforce decrees in chancery ; as where the decree was for a specific performance.

3. This is a case entirely without precedent, (until within twenty years) and it is hardly to be supposed that the books would have been silent on a subject like this, for near a thousand years, if the claim of the plaintiff was sustainable. Upon the utter absence of old authorities upon this subject, the defendant finds strong reasons to suppose the court would not entertain such a suit.

4. The statute has given the court of equity the same means of enforcing a compliance with its decrees as the courts of law have, and there is no possible necessity for the suit.

5. Wherever the courts have acted upon cases like the present, they have refused to entertain them. The authority of the case *Carpenter et al.* v. *Thornton,* 3 B. & Ald. 52, is unshaken. The point there decided well supports the demurrer, as does the case of *Hugh* v. *Higgs,* 8 Wheat. 697. Chitty's Pl. 120.

6. Debt will lie upon any promise in deed or in *law.* 3 Com. Dig. 366. It will not be contended that the decree is a promise in deed. It is true that debt will lie upon a judgment, even though it be in an action *ex delicto,* because the law will imply a promise to perform, &c. The reason is, that the judgment is unimpeachable evidence that the cause had been investigated, and, upon legal evidence, the amount of the judgment has been found due. This reason is wanting in the case at bar.

Is it then a promise in law ? We contend that it is not. 1. Because the case was not originally within the jurisdiction of the courts of law, and the action of the court of chancery cannot have changed its nature.

2. Because the proof, upon which the decree was made,

was not legal, and consequently the decree is not evidence that the matter has been through a course of legal investigation, from which the court can fairly imply a promise to pay. For a mere equity is not a ground of action. 2 Wilson, 86. Litt. Sec. 332. Analogous to this reasoning is the law that the courts will not sustain an action upon an interlocutory order. *Sadler* v. *Robbins*, 1 Camp. 253. *Fry* v. *Malcolm*, 4 T. R. 705. *Emerson* v. *Lashly*, 2 H. Black. 251.

3. Because a court of chancery is not a court of record, and their decrees will not make a debt, a debt of record. 4 Inst. chap. 8.

4. Because decrees in chancery are not of the same force as judgments at law, and cannot so be pleaded. Cas. Temp. Talbot, 223–4. 3 P. Williams, 400. 2 Vernon, 88.

5. Suppose a decree from the court of chancery in the state of New-York were sued in this court. By all the authorities, the judgments of a foreign court may be examined, where an attempt is made to enforce them. How can a court of law examine and readjudicate the merits of a case tried in chancery.

Plaintiff, *pro se*, contended that the action of debt would lie upon the decree of the court of chancery, and cited Went. Pl. Vol. 7, p. 95.

The opinion of the court was delivered by

REDFIELD, J. This is an action of debt, upon the decree of the court of chancery, for the balance of an account between partners. The only question is, whether the action can be maintained on such a decree. This court entertain no doubt that such actions will well lie. Courts of common law and of equity have concurrent jurisdiction in matters of account. In the case of *Carpenter* v. *Thornton*, 3 B. & A. 52, which is much urged upon the court by the counsel for the defendant, Ch. J. Abbott puts the very case in judgment as the proper basis of an action of debt. In the case of *Sadler* v. *Robbins*, 1 Camp. 253, Lord Ellenborough intimates that an action of debt will well lie upon the decree of a court of chancery.

We are fully aware, that, from the long controversy between

the courts of equity and common law, in England, the common law courts have inclined wholly to disregard mere equitable rights. Hence, in *Preston* v. *Christmas,* 2 Wilson, 86, a book of respectable authority, and comparatively recent date, it is said, " The whole court were clearly of opinion, that a release of an equity of redemption was *nothing at all* in the eye of the law." Any judge, who should now utter such a sentiment, on his own responsibility, would be esteemed a very bold man, if quite sane. Most of the cases relied upon by the defendant may be explained in the same manner. They are decisions and dicta resulting from this long controversy.

It is true, too, that, in England, courts of equity are not considered courts of record. But Mr. Justice Story lays it down as clear law, that they are courts of record in America. Eq. Pl. 600-1. It is certain that a decree of a court of equity, enrolled, is of the same force as a record. It is very obvious, that, until the decree is enrolled, it is of no force. Hence, no action at law will lie upon a mere decretal order. *Hugh* v. *Higgs & wife,* 5 Peters. Cond. R. 560. A decree of a court of equity in the alternative, by way of penalty for non-performance of some specific act required, doubtless would not sustain an action of debt at common law. But when the decree is for a fixed, liquidated, and absolute debt, it would be monstrous to suppose that no action at common law will lie upon it. We allow actions of debt to be sustained, even upon foreign judgments, and could we esteem the judgments or decrees of our own courts of less validity? In the case of *McKim* v. *Odom,* 3 Fairfield, 94, it was held, and, we think, upon good grounds, that debt will lie on a decree of a court of chancery, of a sister state. The reasoning of Mr. Justice Parris, and the authorities relied upon in that case, fully sustain the judgment. When we consider the high character of the judgments of courts of equity, the conclusiveness and absolute deference with which they have been regarded by the courts of common law, for the last fifty years, our surprise is, that any doubt could be entertained upon the subject. And the only grounds upon which these doubts have proceeded, in any recent case, is, first, that the domestic courts of equity can better carry their own decrees into effect than the courts of common law. But, of this, the parties

should judge for themselves. Courts of equity have frequently been known to lend their aid for the mere purpose of enforcing the judgment of a court of common law. There is no good reason why the courtesy should not be reciprocal. Second, it has been said, that the proceedings are not according to the course of the common law, and the original cause of action could not avail the party in a common law court. The same argument will render of no force the judgments and decrees of all foreign courts, almost, except those of Great Britain. The original cause of action is merged and lost. The only inquiry now is, does the decree impose an absolute and conclusive obligation upon the defendant? Of this no one can doubt. This point was expressly so ruled in *Henley* v. *Soper*, 8 B. & C. 16 ; 15 Eng. C. L. 147. So, also, in the case of *Post* v. *Neafie*, 3 Caines, 22, and in *Evans* v. *Tatem*, 9 Serg. & Rawle, 252. I make no distinction between decrees of courts of equity in our own state and the other states. If there be any difference, it should be in favor of those of our own state, but there is none.

Judgment affirmed.