WILLIAM MANLY AND HOWARD LATHROP *v.* FRANCIS SLASON,

*Debt on a decree in chancery.*

An action of debt will not lie upon a decree of the court of chancery which merely adjudges the existence and amount of a lien upon' real estate, and provides, in default of its payment otherwise, for an application of the real estate towards its satisfaction.

The decree counted upon in the present case adjudged to be such a decree.

DEBT on a decree of the court of chancery. The declaration counted only upon the ordering or adjudging part of the decree. The defendant plead that the plaintiff ought not to have or maintain his said action, "because the said decree in the plaintiffs' declaration mentioned was as follows," and then proceeded to set forth the entire decree, including the stating or introductory part of it. To this plea the plaintiffs demurred. The county court, September Term, 1855,—PIERPOINT, J., presiding,—adjudged the plea insufficient, and rendered judgment for the plaintiff for the amount decreed to be paid, deducting the appraised value of the land. Exceptions by the defendant.

From the introductory part of the decree it appeared that the the plaintiff Manly conveyed to the defendant a certain tract of land, receiving therefor the defendant's notes, which he subsequently pledged to the other plaintiff Lathrop, as collateral security for a debt he was owing him. The land was subsequently conveyed by the defendant to one Ormsbee, who was also a party defendant to the suit in chancery in which the decree was rendered. The orators claimed a lien upon the premises for the amount due upon the notes, there being no mortgage or other writing respecting it. The decree was that the defendants Slason and Ormsbee pay to the orators $2,219.72, on or before a time stated, and, if they failed to do so, that Manly should hold the premises the same as though his deed of them to Slason had never been made and delivered; with a further provision, in the words following, " and, " in case the aforesaid sum of money, with the interest thereon, " shall not be paid agreeably to this decree, and the said premises " (meaning the premises herein above described,) shall thereby " become the property of the said Manly, free and discharged of " and from any right accruing from the aforesaid deed of said " Manly to said Slason, the same shall be received by the said

" Manly in full satisfaction of so much of the aforesaid sum, so " ordered to be paid, as aforesaid, and of the interest due thereon, " as the said premises shall be worth on said third Monday of " March, 1850; the value of said premises to be ascertained by " three disinterested and judicious persons, to be appointed by the " court upon the application of the orators; and in case the orators " shall neglect to make application for the appointment of such " persons to appraise the value of said premises, for the space of " thirty days after the said third Monday of March, 1850, then the " said premises are to be received in full satisfaction of the afore- " said sum of money, so ordered to be paid as aforesaid, and of the " said several promissory notes executed by said Slason to said " Manly, as mentioned in the orators' bill,"

The declaration alleged an application for, and an appointment of appraisers, in accordance with the provision for that purpose in the decree, and an appraisal of the premises at the sum of $1,450; and that the balance of the amount ordered to be paid above the appraised value of the premises had never been paid or satisfied.

*S. H. Hodges* for the defendant.

An action at law will not lie upon such a decree of foreclosure. It is, in the language of this court, an *alternative* decree; *Thrall* v. *Waller*, 13 Vt. 231. It is not conclusive as to the amount due from the defendant to the plaintiffs, nor even that anything is due; but only of the sum for which the land is holden. No execution can be had for the costs; much less for the debt. *Binney* v. *Wetherbee*, 10 Vt. 322. It has been held in every case, sustaining an action at law for a similar deficiency, that the original demand was not merged in the decree, and the original demand has been uniformly declared upon as the sole cause of action. *Lovell* v. *Leland*, 3 Vt. 581; *Paris* v. *Hulett*, 26 Vt. 308; *Globe Ins. Co.* v. *Lansing*, 5 Cow. 380; *Spencer* v. *Harford*, 4 Wend. 381.

*C. L. Williams* for the plaintiffs.

Every substantial question here presented, was involved, and seems to have been considered and determined, in the views taken and opinion given, in *Thrall* v. *Waller*, 13 Vt. 231. The decree was for the payment of a " fixed, liquidated and absolute debt," ·

and "imposed an absolute and conclusive obligation on the defendant," and these are stated, in the above case, to be the only questions in determining whether the action would lie.

The decree here was different from an ordinary foreclosure. The original demands were merged in the sum due, as ascertained and ordered to be paid in this decree; and the premises were to be received at their appraised value, in satisfaction of so much of the sum ascertained and decreed to be paid; which sum existed and was due, *eo nomine et in numero*, only by the decree;—and the balance unsatisfied is represented and exists in no other way except by and under the decree.

The opinion of the court was delivered by

REDFIELD, CH. J.   This is an action of debt upon the decree of a court of chancery.   It is settled in this state that, upon an ·absolute decree of a court of chancery, for the payment of money, an action of debt will lie.   *Thrall* v. *Waller*, 13 Vt. 231.   The only question in the present case is, whether this decree is of that character.

It is a decree, in a case brought, it would seem from the recitals in the decree, to set up a lien upon certain premises, for the purchase money, in favor of the vendor, alleging also, that it was the understanding of the parties to the conveyance, and of Ormsbee, who subsequently received a deed, in trust, to carry out this understanding, as is alleged, that such lien should exist until the sum due from Slason to Manly should be paid.   In the most favorable view of the case for the plaintiffs, it is a bill to foreclose a lien or parol mortgage upon the premises, to secure the payment of Slason's notes to Manly, which had been transferred to Lathrop, before the suit in equity, but whether endorsed or not does not appear.   They seem to have been transferred in such effectual mode that no question was made in regard to the title of both plaintiffs to maintain the bill.

The final decree of the court of chancery is, that the defendants Slason and Ormsbee pay or cause to be paid to the clerk of the court of chancery, $2,219.72, and interest thereon from the 14th day of April, 1849, on or before the third Monday of March, 1850, or in default thereof, that Manly shall hold the premises free from

all equity of redemption in Slason or Ormsbee, their heirs, &c., and they are decreed to be in satisfaction of the whole debt, unless the orators procured an appraisal of their value, &c. The money was not paid, and the premises were appraised at such a sum as to leave a balance of the decree unpaid, of some $800, which is here sought to be recovered.

It seems to us that this decree is, in terms, and in legal effect, the same, precisely, as the ordinary decree of foreclosure. The orators in this case, after the time had expired, it would seem, procured a judicial appraisal of the value of the land, so as to determine the price at which it was taken upon the debt. This is, I think, not uncommon in the English practice. It seems to be almost universal there to have a final and formal decree, quieting the title in the mortgagee, after the time limited in the first alternative decree has expired. The ordinary presumption perhaps is, that if the land is taken in this mode, nothing to the contrary appearing, it is in payment of the debt. And where it is of inferior value to the debt, it is no doubt competent to have the value determined by the court, at the time, by proper proceedings. But we are unable to see how this alters the character of the decree. It is still no decree, *in personam*, for the payment of the balance of the debt. That question is not involved in the litigation. The only question then, involved, ordinarily is, whether the debt is a lien upon the land, or rather, whether the sum of money is a lien. For, it may be a lien upon the premises, and not be a personal debt upon any one. It may not have constituted a debt originally, the conveyance being upon condition of the payment of a certain sum, giving the grantee an option whether to pay or not. Or, if a debt is originally created, as in the present case, the obligee, or promisee, may have covenanted not to pursue the debt against the debtor, leaving it a bare lien upon the land; or, it may have become barred by the statute of limitations, and, in either case, it remains a charge upon the land, and may be pursued in the mode this was. And, if any such defense against the debt, as a personal obligation, had existed in this case, or in any other similar, it could not be urged in the proceeding for foreclosing the equity of redemption. And, in such case, as well as the present, the decree will be, or may be, in the usual form. We think, therefore, that

this is no such decree of a debt, *in personam*, as will enable the orator's to sue in debt for the balance of the decree. They must pursue the original debt, whatever it is. This is, in no sense, merged by the proceedings in equity, any further than it is paid by the land. The proceeding in equity is chiefly a proceeding against the land, like any proceeding *in rem*.

Judgment reversed, and judgment that the defendant's plea is sufficient, and that the defendant recover his costs.