OSCAR A. BLATTNER AND CHARLES W. BLATTNER
v.
GEORGE E. FROST.

*Actions—Actions at Law upon Decrees.*

Actions at law may be maintained upon decrees which order the payment of a specific sum of money, in such a way that the sum thereby becomes a fixed, liquidated and absolute debt.

[Opinion filed October 24, 1892.]

IN ERROR to the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. LYNDEN EVANS and FREDERICK ARND, for plaintiffs in error.

Messrs. WEIGLEY, BULKLEY & GRAY, for defendant in error.

WATERMAN, J.  Suit was brought in the Circuit Court upon a decree of the Superior Court ordering the payment of $1,400.  A demurrer filed to a count of the declaration based upon such decree was overruled, and judgment thereon was entered against the defendant below; from this judgment the said defendant prosecutes this writ of error.

While there are to be found authorities to the contrary, and so great a lawyer as Kent dissented from the opinion of the Supreme Court of New York, sustaining an action at law based upon a decree entered in the State of New Jersey, yet we think the great weight of authority in this country is, that actions at law may be maintained upon decrees which order the payment of a specific sum of money, in such a way that the sum thereby becomes a fixed, liquidated and absolute debt.

In Warren v. McCarthy, 25 Ill. 83, the court said: "As

a general proposition it is undoubtedly true that debt lies for the recovery of any liability, when the sum is certain, or is capable of being readily reduced to a certainty.   Then, why should the decree of a court of equity, having jurisdiction of the person and of the subject-matter, finding the amount due from one person to another, and ordering its payment, and when thus found conclusive upon the parties to the proceeding, form an exception to the rule?   We are unable to perceive any analogy of the law which requires that there should be a distinction which should exclude it from the general rule."

Warren v. McCarthy was an action upon a decree rendered in the State of Kentucky, but the language of the opinion is such as to include suits upon domestic as well as foreign decrees.

Hugh v. Hicks, 8 Wheat. 697, at one time thought to be an authority for the position that an action at law can not be maintained upon a decree, seems, from the comments thereon made in Pennington v. Gibson, 16 How. 65, to have gone no farther than that an action at law can not be maintained upon a mere decretal *order* which may not be final; the court in the last named case, says: " We lay it down, therefore, as the general rule, that in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity, which is for an ascertained and specific amount and nothing more."

That an action at law can be maintained upon an absolute decree for a specific sum of money is held in King v. Odom, 12 Me. 94; Thrall v. Waller, 13 Vt. 231; Dubois v. Dubois, 6 Conn. 494; Ames v. How, 12 Cal. 11; Evans, Adm'r, v. Evans et al., 9 Serg. & Rawle, 252 ; Mutual Life Ins. Co. v. Newton, 14 At. Rep. 756.

Such is declared to be now the rule in Black on Judgments, Sec. 962, and Freeman on Judgments, Sec. 434.

While the decree sued upon in this case did order the doing of other things besides the payment of money, yet the

sum of $1,400 is distinctly found to be due and ordered to be paid, not upon any contingency, but absolutely and at all events. Such sum became per force of the decree a debt, liquidated, fixed, certain; completely within the rule which permits actions at law to be brought upon decrees. The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*