In the Matter of the Petition of the Village of Red Hook for the Construction and Reformation of Paragraph 7 of the Last Will and Testament of Ella Neher, Deceased. Village of Red Hook, Appellant; Hon. John J. Bennett, Jr., as Attorney-General of the State of New York, Harry Miller, Edward C. O'Connell, as Special Guardian for Eleanor Martin, an Infant, etc., and Lizzie Eighmey and Catherine Eighmey, Respondents.— Decree of the Surrogate's Court, Dutchess county, denying petitioner's application to change the terms of a trust so as to permit the erection of an administration building to house the village offices and as quarters for a volunteer fire company, instead of using the premises for the purpose named by the testatrix, unanimously affirmed, so far as appeal is taken therefrom, with costs to the respondents filing briefs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

Loretta McGough, Appellant, v. Michael J. Derby, Respondent.— This is an appeal from an order denying plaintiff's motion to strike out defendant's answer and for summary judgment in favor of plaintiff where the defense to an action on a bond in this State, after the foreclosure of a mortgage covering real property situated in the State of New Jersey, securing the bond, resulted in a deficiency, is the New Jersey Statute of Limitation. Order denying motion affirmed, with ten dollars costs and disbursements. In our opinion the execution and delivery of the bond in this State, of which State the parties were residents, served to make governing the laws of this State with respect to an action on the bond. (*Thompson* v. *Lakewood City Development Co.*, 105 Misc. 680; affd., without opinion, 188 App. Div. 996.) The contemporaneous delivery and acceptance of a mortgage to secure the bond covering property in the State of New Jersey, however, imports an intention that the laws of that State should govern the right of action on the bond and mortgage if there be submission to its jurisdiction. The bond and mortgage constitute one contract and are to be considered together. (*Stumpf* v. *Hallahan*, 101 App. Div. 383, 386; affd., without opinion, 185 N. Y. 550.) In the foreclosure action the debt evidenced by the bond was necessarily adjudicated by the courts of that State and, in fact, plaintiff relies upon such adjudication in commencing her action here. Under such circumstances, the New Jersey Statute of Limitation inhered in the entire cause of action and is applicable to the present action, commenced here, and plaintiff cannot be heard to contend that, irrespective of her submission to the jurisdiction of that State, her action on the bond is independent thereof. (*Stumpf* v. *Hallahan, supra; Hutchinson* v. *Ward*, 192 N. Y. 375; *Apfelberg* v. *Lax*, 230 App. Div. 865; revd., 255 N. Y. 377; *Gutkind* v. *Lueders & Co.*, 267 id. 320, 331.) Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.