M. Henry Martusoello, J.
In this action brought to recover a deficiency arising on a bond after a foreclosure of a mortgage given to secure same and covering property in New Jersey, the plaintiff, Hannah Yager, moves for summary judgment against the defendant Benjamin Margolis; and said defendant cross-moves for summary judgment and for judgment on the pleadings dismissing the complaint on the merits, or, in the alternative, for leave to serve a second amended answer and for a discovery and inspection. The defendant Rubymar Corporation, hereafter referred to as “ Rubymar,” defaulted in appear *705 ing or answering herein, Philip M, Tingar and Bernard Tingar, hereafter referred to as the 11 Ungars, ’ ’ were named as defendants but were never served with any process in this action. The undisputed facts underlying the complaint herein are as follows: The defendant Rubymar, a domestic corporation having its principal place of business in New Rochelle, New York, was indebted on November 15, 1950, to the plaintiff, a resident of this city, in the sum of $15,000 and on that date in Newark, New Jersey, executed and delivered to her its bond and mortgage conditioned for the payment of said $15,000 on November 15, 1953. This mortgage covered real property situated in said City of Newark and was subject and subordinate to a prior first mortgage thereon of $75,000 executed by Rubymar to Bernard Winfield and Caroline Winfield. In 1952, the defendant Margolis and the afore-mentioned Ungars became owners of the mortgaged premises; and on December 31, 1953, they and the plaintiff executed in New York City an agreement extending the time for the payment of the mortgage debt to November 15, 1955, said agreement containing a provision that said owners “ hereby covenant to pay ” the unpaid balance of the principal owing to the plaintiff on the due date therein fixed. On November 15,1955, the due date for the payment of said mortgage debt was further extended to November 15, 1958, and on December 10, 1958, to November 15, 1961. The latter agreements were executed in New York City and neither of them contained any covenant by the aforesaid owners to pay the unpaid principal owing upon the expiration thereof. On June 26,1959, the aforementioned Winfields instituted in the Superior Court of the State of New Jersey an action to foreclose their first mortgage for a default in the payment of installments of principal due thereunder, making as party defendants therein, Rubymar, Margolis, the Ungars, and the plaintiff, herein as a subsequent incumbrancer. The plaintiff herein appeared in that action and interposed an answer containing a cross claim against her codefendants, wherein she alleged that they had defaulted in paying installments of interest and principal as provided for in her mortgage and the extension agreements, and by reason thereof demanded a judgment of foreclosure against them fixing the amount due ón said mortgage. Margolis and the Ungars appeared in that action and interposed an answer to the complaint of the Winfields; and although served with copies of aforesaid cross claim defaulted in answering or replying thereto. On April 27, 1960, after a trial a judgment of forclosure was entered in favor of the Winfields and the plaintiff herein, adjudging that there was due to the former $54,705.07 *706 with interest thereon, and to the latter on her second mortgage $7,162.43 with interest thereon, and directing that the mortgaged premises be sold at a public sale to satisfy the several sums of money found to be due as aforesaid. The mortgaged premises were duly sold at public sale to Max S. Seidler, a brother of the plaintiff, for $64,000. Out of the proceeds of that sale there was paid to plaintiff herein $1,845.07, which was the balance of the proceeds remaining after the payment therefrom of the indebtedness due to the Winfields and the expenses of the foreclosure sale; and accordingly there resulted a deficiency on plaintiff’s mortgage debt amounting to $6,044.17, which is the sum sought to be recovered in this action.
Defendant Margolis claims that he is not liable for said deficiency since he never obligated himself in any of the aforementioned extension agreements to pay the mortgage debt. Moreover, and as is pleaded in his answer by way of three separate defenses and counterclaim, he asserts that said agreements are void and unenforcible because the above-named Max S. Seidler, acting as attorney for his sister, the plaintiff, demanded and received on her behalf in his State usurious bonuses as consideration therefor, namely, $1,265.03 for the agreement executed on December 31, 1953; $1,635.22 for the agreement executed on November 15, 1955; and $1,158.76 for the agreement executed on December 10, 1958; and that by reason thereof he is entitled to recover the sum of money thus paid. And as is alleged in his answer by way of a fourth defense, he claims that the plaintiff purchased the mortgaged premises at the foreclosure sale for $64,000 and said property at that time had a value of not less than $100,000; and also that the action is prematurely brought in that plaintiff failed to make application to the Supreme Court, New York County, for a deficiency judgment, as required by the laws of the State of New York.
Plaintiff not only denies the charges of usury thus made against her, but also sets up res judicata as a defense thereto, and Statute of Limitations as a defense to the counterclaims based thereon. In a corroborating affidavit submitted in support of her motion, Max S. Seidler avers that he never exacted any usurious consideration for the extension agreements. He does admit therein, however, that he received from Margolis and his co-owners legal fees and commissions, without specifying the amount thereof, claiming same were for services rendered in obtaining said extension agreements.
Plaintiff contends that defendant’s defenses and counterclaims raise no triable issues herein for the following reasons: *707 (1) That her action is essentially on a judgment which fixes the amount of the mortgage debt due her and is therefore res judicata as to all matters affecting said debt, including defendant’s liability therefor which could have been litigated in the foreclosure action; and that since defendant failed to litigate that question in said action, he is estopped from doing so in this action; (2) that the defendant cannot prevail on the defenses of usury since it is claimed that Seidler exacted the alleged bonuses and there is no showing that she had knowledge thereof or in any way participated therein; (3) that the counterclaims were interposed more than one year after the alleged usurious payments were made and are therefore barred by section 372 of the General Business Law; (4) that the fourth defense dealing with her alleged failure to apply for a deficiency judgment is based on section 1083 of the Civil Practice Act and is legally insufficient since that section has application to deficiency judgments relative to mortgages covering property in this State and not to foreign mortgages.
Plaintiff’s cause of action is on her bond as augmented by the extension agreements and not on the judgment of foreclosure (Paterno v. Eagar, 270 App. Div. 178; Integrity Trust Co. v. Posch, 13 N. Y. S. 2d 973). Said bond and the mortgage securing same constitute one contract and are to be considered together. Since those instruments were contemporaneously executed and delivered in New Jersey, the laws of that State entered into and became a part of same and accordingly inhere in the plaintiff’s cause of action herein (Stumpf. v. Hallahan, 101 App. Div. 383, affd. 185 N. Y. 550; Hutchinson v. Ward, 192 N. Y. 375; McGough v. Derby, 254 App. Div. 708).
Section 2A:50-2 of the New Jersey Statutes Annotated provides that where both a bond and a mortgage have been given for the same debt, all proceedings to collect the debt shall be: First, a foreclosure of the mortgage; and second, an action on the bond for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs. Section 2A :50-22 thereof authorizes an action against a person assuming the payment of any mortgage provided the mortgage shall have been first foreclosed and said person was made a party defendant in the foreclosure action and said action is commenced within three months from the date of sale; and further provides that in any case where the plaintiff was the purchaser of the mortgaged premises at such sale, he shall in his complaint offer to credit upon the indebtedness the fair market value, which shall be specified, of the mortgaged premises as of the date of the *708 sale in the foreclosure suit, and in such case the defendant may contest, in the action, the amount of such fair market value. Section 31:1-3 of said statutes provides that in all actions at law or suits in equity to enforce any bond or mortgage for the payment of any money and on which a higher rate of interest shall be taken than is allowed by law, the amount actually lent, without interest may be recovered and no more; and if any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only.
A foreclosure action in New Jersey in essentially a proceeding in rem and no personal judgment is obtainable therein. Accordingly, there may be interposed therein only such defenses as are addressed to the validity or existence of the mortgage, such as payment or discharge of debt thereby secured, or release or satisfaction of mortgage, maturity of the obligation, quantum of the debt, capacity to sue, etc. Liability for deficiency, insofar as it depends upon matters not necessary to an adjudication of the right to foreclose, i.e., to resort to the mortgaged land for satisfaction of the indebtedness, is a matter not cognizable in the foreclosure proceeding. That is the issue to be determined in the action on the bond. Hence, even though one obligated to pay the mortgage indebtedness be absolved from all liability therefor, the mortgagee may nevertheless be entitled to a judgment of foreclosure. And if such obligor has been made a party to the foreclosure action and is later sued on the bond, he is not affected by the decree except as regards the fixation of the quantum of the debt. It is essential to a judgment of foreclosure that the amount of the debt for which the property is answerable be fixed and determined, and in respect of that finding the judgment is res judicata as to one liable therefor, provided he is made a party and is given the opportunity to litigate (Montclair Sav. Bank v. Sylvester, 122 N. J. Eq. 518; Natovitz v. Bay Head Realty Co., 142 N. J. Eq. 456; Vanderbilt v. S. W. Holding Co., 112 N. J. Eq. 584; Usbe Bldg. & Loan Assn. v. Ocean Pier Realty Corp., 112 N. J. Eq. 580).
Margolis ’ defense of usury is addressed to the extension agreements and not to the bond and mortgage, which concededly were validly executed and consequently could not be tainted by any subsequent usury. Since plaintiff’s light to foreclose turned on the validity of her bond and mortgage, any matter addressed to the validity of the extension agreements could not possibly defeat said right and accordingly would not constitute a cognizable defense in the foreclosure action. It follows therefore that Margolis is not estopped from litigating the *709 question of Ms liability in tMs action even though he failed to raise the defense of usury in the foreclosure action. He is, however, estopped from litigating herein the amount of the mortgage debt as fixed by the judgment of foreclosure since he could have pleaded in the foreclosure action, by way of setoff, payment of so much of the mortgage debt as would be represented by the alleged bonuses, as provided for in section 31 :l-3 of the New Jersey Statutes Annotated, referred to above.
In the first extension agreement executed on December 31, 1953, Margolis covenanted to pay the unpaid principal due on the mortgage on the expiration date thereof, and accordingly will be liable for the deficiency sought to be recovered in this action, unless said agreement is void and unenforcible. The other two extension agreements contained no covenant to pay the mortgage debt and therefore cannot be made the basis of any liability herein, thus rendering the second and third defenses of usury addressed thereto academic (Silverstein v. Brown, 153 App. Div. 677; Barden v. Sworts, 112 Misc. 384).
Exaction of the bonuses alleged to have been paid constituted usury under the laws of New York and New Jersey. In New York a usurious agreement is void and unenforcible. In New Jersey, however, such an agreement is void only to the extent of the usury (Joffe v. Bonn, 14 F. 2d 50). The legal effect of a contract is determined by the laws of the State where executed, unless the parties thereto expressly or tacitly indicate otherwise. The agreements in question were executed in this State and according to the terms thereof were to be performed here. In fact, all payments due thereunder were actually made in this State. Yet it may be argued that said extension agreements are to be governed by the New Jersey law as are the bond and mortgage which they augmented but did not supplant. However, it makes no difference which laws are to be applied here since the courts of both States are in accord that the exaction of usurious consideration for an extension agreement from an owner of the mortgaged property, who thereby assumes the pay • ment of the mortgage debt which he is not otherwise obligated to pay, is void and unenforcible and consequently absolves said owner from liability for any deficiency arising on the bond (Ganz v. Lancaster, 169 N. Y. 357; United States Agency v. Handler, 111 N. J. L. 306).
The rationale of the New Jersey rule is that no consideration moves to the owner of the mortgaged premises to sustain his covenant to pay the mortgage debt since the mortgagee could have foreclosed the mortgage before the expiration of the extension agreement because the usury statute made the bonus a pay *710 ment upon the principal, which was not the purpose thereof as intended by the mortgagee and consequently no consideration moved to him for extending the mortgage (Trusdell v. Jones, 23 N. J. Eq. 121, affd. 23 N. J. Eq. 554).
The defendant has therefore raised a triable issue as to his liability herein and this is so notwithstanding plaintiff’s claim that the acts of Seidler are not binding on her since there is no showing that she knew of same or in any way participated therein. This latter claim must be determined on the trial and not on a motion for summary judgment. A similar claim was advanced in Farber v. De Bruin (253 App. Div. 909) and the Appellate Division of this Department in dealing therewith stated: “ It is admitted that on those occasions she paid a sum exacted of her either as a bonus, as she claims, or to cover the fees of the attorney and a broker, as the plaintiff claims, who also claims that he did not receive any part thereof. This transaction may or may not have been a subterfuge, cover or device for exacting a bonus from the appellant, constituting usury. Whether it was or not is a question of fact, depending upon the intent of the parties; and the court at Special Term was not authorized to grant summary judgment on the affidavits of interested witnesses who gave a different version of the transaction than did the appellant. * * * Likewise, whether or not the plaintiff had knowledge of or participated in the exactions is a question of fact which may be determined only on a trial, where the interested witnesses may be cross-examined.”
The defendant, however, cannot prevail on his counterclaims. Section 372 of the General Business Law authorizes an action to recover illegal interest paid if such action is brought within one year after such payment. The counterclaims here were interposed more than one year after the alleged bonuses were paid and are therefore barred (Wood v. Scudder, 155 App. Div. 254; Gilleran v. Colby, 164 App. Div. 608). And said statute stands as a bar thereto even though the extension agreements are governed by the law of New Jersey. The laws of that State are enforced here only to the extent that they inhere in said agreements. Section 31:1-3 of the Annotated Statutes thereof, as set forth above, provides for a setoff of usurious payments against the principal of the debt, but otherwise does not authorize an action for the recovery of such payments. Hence, the defendant’s right to recover the alleged bonuses does not stem from the agreements, but is independent thereof and is to be enforced in accordance with the remedy provided by our laws, especially since all of said bonuses were paid in the State. (New York Life Ins. Co. v. Aitkin, 125 N. Y. 660, 675.)
*711 Contrary to what is alleged in the fourth defense herein, plaintiff was not required to apply to the Supreme Court for a deficiency judgment. Section 1083 of the Civil Practice Act, which deals with deficiency proceedings, has application ' to foreclosure actions involving mortgages covering property in this State and not to foreign mortgages (Provident Sav. Bank & Trust Co. v. Steinmetz, 270 N. Y. 129; Florida Land Holding Corp. v. Burke, 135 Misc. 341).
Although the defendant failed to substantiate on this motion that the plaintiff purchased the mortgaged premises at the foreclosure sale, as alleged in said fourth defense, he may, if able to prove that upon the trial, litigate the amount of the deficiency by showing that the market value of said premises was in excess of the mortgage indebtedness (New Jersey Stat. Ann., § 2A:50-22; Montclair Sav. Bank v. Sylvester, 122 N. J. Eq. 518, supra).
Plaintiff’s motion for summary judgment and defendant’s cross motion for similar relief and for judgment on the pleadings are denied. Defendant’s cross motion to amend is granted solely as to items 1 and 2 thereof, said amendments, however, to be effectuated upon the trial and not by way of a further amended answer; and said motion is denied in all other respects since the recovery of the additional usurious payments sought through the proposed amendment is barred by section 372 of the General Business Law, as hereinbefore indicated.
Cross motion for discovery and inspection is denied without prejudice. Defendant has failed to set forth facts from which it can be determined that an examination before trial of the plaintiff with a direction to produce books and records as provided by section 296 of the Civil Practice Act will prove an inadequate remedy (Gross v. Price, 2 A D 2d 707, 708).