## Noel J. LaFarr v. Steven E. and Nancy J. Scribner

[549 A.2d 651]

No. 86-499

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed June 24, 1988

*Lawrence H. Bruce, Jr.*, St. Albans, for Plaintiff-Appellee.

*Kathleen McMahon Bristol* of *Ward & Associates*, South Burlington, for Defendants-Appellants.

**Gibson,** J. Defendants appeal from a judgment of the Franklin Superior Court barring their utilization of claimed affirmative defenses in a suit for recovery on a note due to plaintiff. We reverse.

### I.

In 1980, defendants gave plaintiff a second mortgage and a note secured by land and premises in defendants' possession. Thereafter, plaintiff brought a foreclosure proceeding, and in 1983, the Franklin Superior Court issued a judgment and decree of foreclosure on the mortgage. A deficiency judgment on the mortgage was neither requested by plaintiff nor granted by the court. Defendants failed to redeem the land and premises.

In 1985, plaintiff filed suit against defendants seeking the monies owed pursuant to the note underlying the foreclosed mortgage. Defendants responded, denying plaintiff's allegations and setting forth certain affirmative defenses. The court ruled initially that defendants were not liable on the note, because plaintiff had made serious misrepresentations about the sewer system on the property. Plaintiff timely requested that the court issue findings of fact, asserting that defendants were barred from raising the affirmative defenses on the ground of res judicata, because they had failed to respond to the original foreclosure action. Thereafter, the court held that defendants' failure to raise the affirmative defenses in the foreclosure action barred their use in the action for a deficiency judgment on the ground of res judicata.

Defendants appeal, raising two issues. First, defendants argue that a judgment and decree of foreclosure does not create a personal obligation on the part of the mortgagor. Second, defendants assert that a failure to defend a foreclosure action does not bar an assertion of certain affirmative defenses in a later action based on the underlying note.

## II.

■ It is axiomatic that a foreclosure action is an action in rem, while an action for a deficiency is an action in personam. See 3 R. Powell, The Law of Real Property §§ 463[1], 467 (1987 ed.). It is also well established that foreclosure actions and deficiency actions are separate and distinct proceedings.* See *Manly* v. *Slason*, 28 Vt. 346, 349 (1856); see also *United Savings Bank* v. *Barber*, 135 Vt. 278, 279, 375 A.2d 993, 994 (1977) (an obligation secured by a mortgage cannot be extinguished by judgment in a foreclosure action unless the mortgaged property is sufficient for that purpose). See generally Powell, *supra*, § 469 ("necessity for two proceedings [in strict foreclosure actions] in order to obtain complete satisfaction"). Therefore, plaintiff's judgment and de-

---

* Plaintiff incorrectly interprets V.R.C.P. 80.1(b) as requiring that both the foreclosure action and the cause of action on the underlying note be adjudicated in the same action. We find that the only language in V.R.C.P. 80.1 which contemplates such merger is found in V.R.C.P. 80.1(j)(2), where, in a foreclosure by judicial sale, the court is empowered to enter a deficiency judgment against the mortgagor if the plaintiff so requests in the complaint. The instant case involved strict foreclosure; thus, we find no support in the civil rules to justify plaintiff's contention.

cree of foreclosure operates only as to the property secured by the mortgage. Neither the mortgage nor the judgment impose any personal liability on defendants. The only personal obligation of defendants is on the underlying note. If foreclosure of the mortgaged premises is insufficient to satisfy a debt secured by such mortgage, then the creditor's recourse is through an action on the note, which is an action in personam.

## III.

Inasmuch as a foreclosure action is separate and distinct from an action for a deficiency judgment, the issues raised in a foreclosure action and those raised in an action for a deficiency are also often distinct. See *Yager* v. *Rubymar Corp.*, 34 Misc. 2d 704, 708, 216 N.Y.S.2d 577, 582 (Sup. Ct. 1961) ("Liability for deficiency, in so far as it depends upon matters not necessary to an adjudication of the right to foreclose, . . . is a matter not cognizable in the foreclosure proceeding."). The issues raised in a foreclosure action include the validity of the mortgage, the amount of indebtedness due on the mortgage, and the right of the mortgagee to seek satisfaction of the indebtedness from the mortgaged property. A judgment and decree of foreclosure will bar litigation of those issues in another action by virtue of the doctrine of res judicata. See *Wursthaus, Inc.* v. *Cerreta*, 149 Vt. 54, 55-57, 539 A.2d 534, 535-36 (1987) (res judicata bars those claims previously litigated or those claims which should have been raised before).

An action for a deficiency, however, is a personal action to which the issues involved in litigating a foreclosure action are usually inapplicable.

> A foreclosure proceeding is solely an action *quasi in rem* and the relief granted is only against the land itself, whereas, an action on the note is *in personam*. A foreclosure judgment is *res judicata* as to the amount of the unpaid debt secured by the mortgage, but is not *res judicata* as to the defendant's liability for any deficiency. The defendant in a deficiency action may also set up a variety of defenses based upon facts or circumstances connected with the inception of the mortgage.

*Central Penn Nat'l Bank* v. *Stonebridge Ltd.*, 185 N.J. Super. 289, 302, 448 A.2d 498, 504 (Ch. Div. 1982) (citation omitted).

In the instant case, while the deficiency action was factually related to the previous foreclosure action, it differed from the nature and substance of that proceeding. Therefore, the doctrine of res judicata does not bar defendants from raising their affirmative defenses herein. See *Wursthaus*, 149 Vt. at 56, 539 A.2d at 536.

*Reversed and remanded.*