## The Bunbury Company, Inc. v. Windham Sports, Inc., and Sasaki Associates, Inc.

[580 A.2d 966]

No. 89-067

Present: Allen, C.J., Dooley and Morse, JJ., and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed July 13, 1990

---

*Heather Briggs* and *Andre D. Bouffard* of *Downs Rachlin & Martin,* Burlington, and *David F. Buckley* (Of Counsel), Bellows Falls, for Plaintiff-Appellee.

*Timothy U. Martin* of *Carroll, George & Pratt,* Rutland, for Defendant-Appellant.

**Morse, J.** Defendant Windham Sports appeals from a judgment of foreclosure claiming that plaintiff Bunbury Company was barred from foreclosing its mortgage because it was a foreign corporation that had not registered to do business in Vermont. 11 V.S.A. §§ 2651, 2668(c). Summary judgment was granted in favor of plaintiff, citing *Redd Distributing Co. v. Bruckner,* 128 Vt. 635, 270 A.2d 580 (1970), as authority for the proposition that the Legislature did not intend to prevent a mortgagee not registered to do business in Vermont from foreclosing a mortgage made in Vermont. We affirm the trial court, but on a different ground.

Bunbury, a New York nonprofit corporation, awards grants to worthy causes. At the time of the sale of property located in Andover, Vermont, to defendant in 1981 and execution of the mortgage in dispute, plaintiff was actively granting money to Vermont organizations, but it was not registered to do business in Vermont.

This state requires:

> No foreign corporation shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the secretary of state, and shall have complied with any other requirements of law respecting corporations subject to regulation of the public service board, the commissioner of banking and insurance, or other agencies of the state. . . .

11 V.S.A. § 2651(a). Failure to obtain the certificate of authority subjects the corporation to the restriction of 11 V.S.A. § 2668(c):

> A foreign corporation shall not maintain an action in this state upon a contract made by it in this state if, at the time of making such contract, it was doing business in this state without lawful authority. . . .

"Doing business" is defined broadly:

> Except as otherwise provided, "doing business" shall mean and include each and every act, power or privilege exercised or enjoyed in this state by a foreign corporation except the mere ownership of real property which is not producing any income, or which is not used in the performance of a corporate function.

11 V.S.A. § 2651(b). See *Pennconn Enterprises, Ltd. v. Huntington*, 148 Vt. 603, 606, 538 A.2d 673, 675 (1987).

Section 2668(c) prohibits the commencement of contract actions by a corporation doing business in this state without a certificate of authority. Other kinds of actions are not precluded. This statute has a potentially great impact on nonqualifying foreign corporations because Vermont is among the few jurisdictions in which a corporation may not cure such a defect by qualifying under state law prior to the commencement of the action. Most states merely suspend access to the courts until the corporation complies. See Note, *Sanctions for Failure to Comply With Corporate Qualification Statutes: An Evaluation*, 63 Col. L. Rev. 117, 126–31 (1963); 4 Model Bus. Corp. Act Ann. § 15.02 (3d ed. Supp. 1989).

We hold that the present action does not come within the proscription of § 2668(c) because a foreclosure action is not a suit upon a contract. This Court has always delineated a mortgage from the underlying debt. *Briggs v. Fish*, 2 D. Chip. 100, 101 (1824) (mortgage is nothing other than pledge of real estate as security for note). A "decree of foreclosure operates only as to the property secured by the mortgage. Neither the mortgage nor the judgment impose any personal liability on defendants." *LaFarr v. Scribner*, 150 Vt. 159, 160–61, 549 A.2d 651, 652 (1988). Moreover, "[i]f foreclosure of the mortgaged premises is insufficient to satisfy a debt secured by such mortgage, then the creditor's recourse is through an action on the note, which is an action in personam." *Id.* at 161, 549 A.2d at 652–53.

Defendant gleans from *Siwooganock Guaranty Savings Bank v. Cushman*, 109 Vt. 221, 195 A. 260 (1937), a legislative intent to extend the provisions of § 2668(c) to foreclosure actions. It re-

lies on that Court's statement that "while the Legislature intended to prohibit foreign savings banks from doing business in this State, it did not intend to prevent the enforcement of the contracts of such banks other than those made in this State." 109 Vt. at 247, 195 A. at 272. *Siwooganock*, however, held that a loan made outside of the state, even though secured by property within the state, did not constitute "doing business" in the state, *id.*, and, therefore, never faced the question we decide today, whether a foreclosure action is an action upon a contract under § 2668(c).

Insofar as the present action is solely predicated upon mortgage foreclosure, the trial court was correct to hear it. Its judgment was without error.

*Affirmed.*