Cowles v. Sunshine, No. S1158-04 CnC  (Norton, J., June 23, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                          Docket No. S1158-04 CnC

COWLES

v.

SUNSHINE

ENTRY

This case is about the difference between personal liability on a promissory note and liability that is limited to the value of a mortgaged property.  In 2001, Plaintiff brought a foreclosure action on a mortgage that Defendants had secured with property in Richmond.  At that time, Plaintiff also brought a second claim for a deficiency judgment.  On June 1, 2001, this court issued a judgment and decree of foreclosure.  In it, the court established that the defendants owed Plaintiff $451,875, and it ordered a period of redemption after which Defendants' right to the property would

be foreclosed.

When Defendants failed to redeem the property, the foreclosure became absolute and the court issued a writ of possession to Plaintiff for the property. Since then, Plaintiff has sold the property for $396,000. Now Plaintiff seeks a deficiency judgment against Defendants for the remaining $55,875. Defendants have objected on several bases and both parties have filed for summary judgment.

Defendants argue that Plaintiff cannot bring these claims because she could have raised them—or the facts underlying them—in the previous foreclosure action. This collateral estoppel– res judicata argument is premised on the idea that foreclosure and deficiency are one action and that Plaintiff should have pressed the claim at foreclosure. This would have been somewhat of an epistemological conundrum for Plaintiff since it requires her to have made a specific claim for deficiency before a post foreclosure sale established such a deficiency. Setting that aside, however, this argument misstates the essential separation between mortgage obligations and personal liability. In LaFarr v. Scribner, the Vermont Supreme Court held that the two were different areas of the law, invoking distinct jurisdiction, and raising separate issues. 150 Vt. 159, 160–61 (1988); see also 4 J. Backman, Powell on Real Property § 37.12[2] (1999).

Instead of barring an action for deficiency, LaFarr allows that foreclosure sets the stage for a deficiency action.

> The issues raised in a foreclosure action include the validity of the mortgage, the amount of indebtedness due on the mortgage, and the right of the mortgagee to seek satisfaction of the indebtedness from the mortgaged property. A judgment and decree of foreclosure will bar litigation of those issues in another action by

> virtue of the doctrine of res judicata. . . . A foreclosure judgment is res judicata as to the amount of the unpaid debt secured by the mortgage, but is not res judicata as to the defendant's liability for any deficiency. The defendant in a deficiency action may also set up a variety of defenses based upon facts or circumstances connected with the inception of the mortgage.

Id. at 161. Thus, the res judicata effect of the prior foreclosure judgment is to set the amount that Defendants owe, $451,875.

As to the argument that Plaintiff should nevertheless be estopped from asserting this action because she included a claim for deficiency in her original pleading, collateral estoppel is improper. Among other things, the doctrine requires a final judgment on the merits of the issue the party seeks to preclude. Scott v. City of Newport, 2004 VT 64, at ¶ 8 (mem.). This limits what courts may preclude to those issues that have been resolved to some semblance of finality. 18 C. Wright, et al., Federal Practice and Procedure § 4420 (2002). Since Plaintiff did not seek a judicial sale of the property but chose a strict foreclosure, the issue of deficiency was never ripe or proper for the court to make any judgments. While V.R.C.P. Rule 80.1(j) does allow for a deficiency judgment, it is only for a foreclosure by sale, Rule 80.1(h). As the judgment order and decree and the July 31 Writ of Possession, giving Plaintiff possession of the property, make clear, this was a strict foreclosure that did not have the accompanying procedures of a foreclosure by sale. Compare 12 V.S.A. § 4528, with 12 V.S.A. §§ 4531a–4533a (detailing the procedures for foreclosure on a mortgage with a power of sale); see also Note, The Relation of the Equitable Doctrine of Subrogation to Vermont's Strict Foreclosure Laws, 7 Vt. L. Rev. 71, 77–78 (1982) ("Vermont is a 'title' state; as such, it recognizes a mortgage deed as purporting to convey legal title . . . ."). Therefore, neither Plaintiff nor Defendants can rely on Rule 80.1's provisions for foreclosure by sale as a

basis for this deficiency claim.

This leaves a large, unresolved question, What is the basis for Plaintiff's deficiency claim? While the foregoing makes clear that Plaintiff cannot rely on the mortgage, LaFarr holds that Plaintiff may bring an action on any accompanying promissory note or similar device that would make the Defendants liable. 150 Vt. at 160, 162. Up to this point, both parties have focused exclusively on the mortgage that fueled the previous foreclosure. They have not established whether or not there was another obligation. Without such evidence either establishing or an affidavit disproving the existence of such a note, summary judgment is inappropriate.

Finally, Defendants raise at least one factual question about fair market value and the $396,000 that Plaintiff obtained for the property. The price Plaintiff received was based on an appraisal of the parcel as a whole. Defendants argue that a better, more profitable use of the land would have been to subdivide it. This, according to Defendants, would have yielded a fair market value in excess of the mortgage. While this theory is open to several counter-arguments, the nature of the dispute is ultimately factual. Fair market value is a term of art that is dependant on wide array of fact-based evidence. Therefore, this dispute also renders summary judgment inappropriate at this time.

Based on the foregoing, Plaintiff and Defendants motions for summary Judgment are Denied.

Dated at Burlington, Vermont_____, 2005.