This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39608**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**PAOLO SCALA,**

 Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Sandra W. Engel, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant challenges the sufficiency of the evidence to support a conviction of driving while intoxicated. This Court issued a notice of proposed summary disposition, proposing that the metropolitan court permissibly inferred all of the elements of that offense from the evidence received during Defendant's bench trial. [CN 3-4] Defendant's memorandum in opposition to that proposed disposition continues to assert that the inferences at issue amounted to impermissible speculation. [MIO 5-6] Having duly considered Defendant's memorandum in opposition, we remain unpersuaded and affirm.

**{2}** In response to this Court's proposed disposition, Defendant continues to assert the insufficiency of testimony from a sheriff's deputy that a motorcycle "was 'recently driven' because it was 'warm to the touch'" [MIO 3] to support a reasonable inference that he drove that motorcycle in the three hours prior to a breath test. [MIO 4-5] In doing so, Defendant asserts both that motorcycles—and especially Harley Davidson motorcycles like his—run very hot, and also that the rate at which a motorcycle cools is complicated, requiring expert testimony. [MIO 5]

**{3}** Defendant's memorandum does not suggest that any evidence regarding how hot his motorcycle gets or how quickly it cools down was introduced below. [Id.] He also does not suggest that he was prevented from introducing such evidence to impeach the deputy's testimony. [Id.] We therefore understand Defendant to be simply attempting to impeach that testimony on appeal. Matters outside the record, however, present nothing for this Court to review. *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482.

**{4}** In the alternative, to the extent Defendant is asserting that the deputy should not have been permitted to offer his opinion regarding how recently the bike was driven without being qualified as an expert pursuant to Rule 11-702 NMRA, Defendant does not suggest that he objected to the testimony on that basis. [Id.] Defendant's memorandum also does not suggest that any evidence regarding the deputy's "knowledge, skill, experience, training, or education" was introduced below, as would be necessary to determine whether his opinion would have been admissible pursuant to that rule. *See* Rule 11-702 (describing criteria for qualification of expert witnesses). As a result, on the record before us, we are not persuaded that Defendant has established error with regard to the deputy's testimony concerning the motorcycle.

**{5}** Finally, Defendant's memorandum also reasserts his argument that the State's evidence failed to exclude the possibility that Defendant could have consumed alcohol after driving. [MIO 5-6] As our proposed disposition noted, however, the issue before this Court when assessing the sufficiency of trial evidence is whether the trial court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. We further note that it is not the role of an appellate court to "evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. Defendant's repetition of his alternate explanation of the evidence offered at trial does not carry his burden on appeal, which is "to clearly point out errors in fact or law" in the proposed disposition. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (concluding that repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we conclude for the reasons stated in our notice of proposed summary disposition that the trial evidence was sufficient to support the inferences relied upon by the metropolitan court.

**{6}** The judgment of the metropolitan court is affirmed.

**{7}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**