This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41078

IN THE MATTER OF THE KINSHIP
GUARDIANSHIP OF NEVEAH L. and
REYNA T.L., Minor Children,

CAROLINA TELLES and HENRY TELLES,

Petitioners-Appellees,

v.

SAMUEL M. LARA a/k/a
SAMUEL MARIO LARA,

Respondent-Appellant,

and

DAVID LOPEZ and JOCLYN TELLES,

Respondents.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Casey B. Fitch, District Court Judge

Carolina Telles
Henry Telles
Las Cruces, NM

Pro Se Appellees

Samuel Mario Lara
Las Cruces, NM

Pro Se Appellant

Kenneth L. Beal, P.C.

Kenneth L. Beal
Las Cruces, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Respondent, a self-represented litigant, appeals from the district court's order denying his request for visitation and denying his motion for recusal. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Respondent continues to challenge the district court's decision, but he provides no new facts or authority relevant to this case and the issues raised on appeal. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). References to investigations, litigation, and facts outside the record are similarly insufficient. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)).

**{3}** Insofar as Respondent continues to argue he should have been allowed visitation because doing so was in the best interests of Child, we remain unpersuaded. Respondent continues to make vague assertions, based on speculation and without identifying facts in the record, that unsupervised visits would benefit Child because visits would improve Child's self-esteem, give Child peace of mind, and allow Child to be seen by peers as a two-parent child. [MIO 23-24] Respondent also argues that unsupervised visitation would be in Child's best interests because Child would have less anxiety and Child would receive a new iPhone from Respondent. [*Id.*] As discussed in our calendar notice, vague assertions and speculation are insufficient to demonstrate the district court abused its discretion in this regard. *See Gutierrez v. Connick*, 2004-NMCA-017, ¶ 19, 135 N.M. 272, 87 P.3d 552 (acknowledging that the district court has broad discretion in awarding visitation); *see also, e.g., State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (refusing to address undeveloped, conclusory arguments, reasoning that "[a] party cannot throw out legal theories without connecting them to any elements and any factual support for the elements" (internal quotation marks and citation omitted)). As such, we conclude Respondent has failed to demonstrate the district court abused its discretion in denying Respondent's request for visitation. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800

P.2d 1063 (stating that the appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred).

**{4}** Additionally, Respondent continues to assert the current Guardian Ad Litem (GAL), the past GAL, and the current judge are biased against him, and that he should receive a change of venue as a result of their bias, but he makes this assertion without identifying facts from the record or citations to authority to support his assertion. [MIO 17] *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶¶ 414-29, 96 N.M. 155, 629 P.2d 23 (stating that a judge's in-court comments, criticisms of a party, or adverse rulings, alone, do not establish personal bias or prejudice or require judges to disqualify themselves). We therefore decline to address Respondent's assertion of bias. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (refusing to address issues unsupported by cited authority).

**{5}** Respondent also continues to argue the GAL should have been removed from this case due to a conflict of interest, citing Rule 16-107 NMRA as support. [MIO 19] According to Rule 16-107(A), a conflict of interest exists if (1) "the representation of one client will be directly adverse to another client"; or (2) "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Respondent argues the GAL committed a "breach of email confidentiality" and a "breach in attorney client privilege" in reporting Respondent's behavior to the district court, apparently based on a misunderstanding of the professional duties the GAL owed to Respondent as a litigant. [MIO 3] In addition, Respondent asserts that he is owed money from the estate of a previous GAL who died while the case was pending and on behalf of whom the current GAL worked in his capacity as an estate attorney. Respondent therefore asserts that his "storied past with the GAL who died" would cause the current GAL to be biased in this case. [MIO 19-20]

**{6}** As stated in our proposed disposition, however, the mere possibility of a conflict is insufficient to warrant reversal. *See State v. Martinez*, 2001-NMCA-059, ¶ 24, 130 N.M. 744, 31 P.3d 1018. Furthermore, "[a]n assertion of prejudice is not a showing of prejudice." *In re Ernesto M.*, Jr., 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. The GAL in this case was tasked with appearing on behalf of Child and reporting to the court concerning the best interests of Child and Child's position. *See* NMSA 1978, § 40-10B-10 (2001) (identifying powers and duties of a GAL). Respondent has failed to identify facts in the record that suggest the GAL failed in these duties due to a conflict of interest. We therefore conclude Respondent has failed to identify facts in the record to support his assertion that the GAL in this case had a conflict of interest, as defined in Rule 16-107(A).

**{7}** Finally, to the extent Respondent asserts Petitioners owe him reimbursement for "any legal and other reasonable fees" he has incurred, citing Rule 1-056 NMRA, we are unpersuaded. [MIO 13] Respondent's use of this rule demonstrates a misunderstanding of the process, as nothing in this matter was decided as part of summary judgment proceedings. *See* Rule 1-056(G) (providing for payment of expenses "[s]hould it appear to the satisfaction of the court . . . that any of the affidavits presented *pursuant to this rule* are presented in bad faith or solely for the purpose of delay"). Moreover, Respondent relies on facts outside the record to support his assertions regarding bad faith. *See Kepler*, 1995-NMSC-035, ¶ 13. Insofar as Respondent also makes general accusations of libel, defamation, collusion, and conspiracy, we again note that vague assertions and conclusory arguments alone are inadequate to demonstrate reversible error. [MIO 7, 22] *See, e.g.*, *Ortiz*, 2009-NMCA-092, ¶ 32 (refusing to address undeveloped, conclusory arguments, reasoning that "[a] party cannot throw out legal theories without connecting them to any elements and any factual support for the elements" (internal quotation marks and citation omitted)).

**{8}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{9}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**