This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41169**

**JOSIE MONTAGNO,**

Plaintiff-Appellee,

v.

**TERRI GALLEGOS,**

Defendant-Appellant,

and

**EFREN OLIVERAS and JAKE GALLEGOS,**

Defendants.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Jason M. Jaramillo, Metropolitan Court Judge**

Josie Montagno
Albuquerque, NM

Pro Se Appellee

Terri Gallegos
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Appellant appeals from a judgment entered in favor of Appellee following a dispute over the purchase price of a mobile home. In this Court's notice of proposed

disposition, we proposed to summarily affirm. Appellant filed a memorandum in opposition and Appellee filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded by the memorandum in opposition, we affirm.

**{2}** Initially, we address Appellant's assertion that this Court apparently did not receive a complete docketing statement because Appellant was told by the intake clerk at the court not to include any of the evidence. [MIO 4] We note that the record proper, to which this Court has access, includes any documentary evidence admitted in the proceedings below. As an appellate court, this Court reviewed any matters that were presented to and considered by the trial court. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855.

**{3}** To the extent Appellant alleged technical difficulties during the virtual trial, our notice proposed to affirm on the basis that the docketing statement did not indicate how this constituted reversible error or otherwise prevented Appellant from presenting her case. In the memorandum in opposition, Appellant asserts only that "the interruptions negatively impacted the presentation as an adverse distraction." [MIO 3] Absent specific incidents demonstrating how Appellant was prejudiced, we conclude that she has not met her burden of demonstrating error on appeal. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alterations, internal quotation marks, and citation omitted)); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct and the burden is on the appellant to clearly demonstrate that the trial court erred).

**{4}** Otherwise, Appellant has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. [MIO 1-5] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Appellant to our analysis therein.

**{5}** Last, we briefly note that Appellee, in her memorandum in support, requested that we issue an injunction and "that the balance be paid as directed [by the] metro[politan] court." [MIS 1] However, our appellate jurisdiction is limited to reviewing the issues raised by Appellant concerning the propriety of the judgment below. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). Thus, these requests are outside this Court's jurisdiction. Jurisdiction to enforce a judgment is vested in the court, which entered that judgment.

**{6}** Accordingly, for these reasons and those stated in our notice of proposed disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**