896 P.2d 482

**Oliver KEPLER, Plaintiff–Appellant,**

v.

**Wendy E. SLADE, Defendant–Appellee.**

**No. 22234.**

Supreme Court of New Mexico.

May 24, 1995.

Patrick S. Florence, Albuquerque, for appellant.

Allen M. Kerpan, Albuquerque, for appellee.

## OPINION

MINZNER, Justice.

Plaintiff–Appellant Oliver Kepler (Kepler) appeals the trial court's order entering summary judgment in favor of Defendant–Appellee Wendy Slade (Slade). The sole issue on appeal is whether an earlier foreclosure action, in which both Kepler and Slade were

defendants, bars Kepler from instituting a separate action against Slade to recover on a personal note, which Slade executed in conjunction with a deed of trust on the foreclosed property. We hold that under the doctrine of res judicata, a judgment in a prior foreclosure action does not bar a subsequent lawsuit to recover a debt on a personal note. Therefore, we reverse the judgment entered in favor of Slade.

## FACTS

In 1985, Lyle Bauers (Bauers) executed a promissory note secured by a mortgage on certain real property. Home Mortgage of New Mexico, the mortgagee in the original transaction, assigned its interest in the note and mortgage to Home Mortgage of El Paso. Six months later, Bauers sold the property to four individuals, including Slade. Slade and the other purchasers executed a personal note and a deed of trust in favor of Bauers and Zero Investment and Escrow Company. Bauers then assigned his interest in the note and deed of trust to Kepler.

In 1988, Slade and the other owners sold the property to Kent Betsworth (Betsworth). Betsworth later defaulted on his obligation to Home Mortgage, which also placed Slade and her partners into default. Home Mortgage filed a foreclosure action, joining as defendants all parties who had an interest in the property, including Slade and her partners, Bauers, Betsworth, and Kepler. The only claim by Home Mortgage that directly affected Kepler in the foreclosure action was Home Mortgage's request that its mortgage be declared superior to any other. Although Kepler entered an appearance in the foreclosure action, he did not pursue a defense in the case, and ultimately a judgment of foreclosure was entered against him.

In 1994, Kepler filed suit against Slade, seeking to recover on the personal note executed in 1985. Slade filed a motion for summary judgment, contending that Kepler's claim on the note was barred by the doctrines of res judicata and equitable estoppel. The trial court agreed that the 1988 foreclosure action was res judicata of Kepler's claims against Slade, and entered judgment in favor of Slade.

## DISCUSSION

■■■ Under the doctrine of res judicata, a judgment on the merits in a prior lawsuit bars a subsequent action involving the same parties and the same cause of action. *Nosker v. Trinity Land Co.*, 107 N.M. 333, 336, 757 P.2d 803, 806 (Ct.App.), *cert. denied*, 107 N.M. 267, 755 P.2d 605 (1988). For res judicata to apply, the first and second lawsuits must be identical in four ways: "(1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter." *Silva v. State*, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987).

■■■ In this case, the parties' disagreement focuses on whether the two lawsuits involve the same cause of action. If the causes of action are different, res judicata does not apply. *DiMatteo v. County of Dona Ana*, 109 N.M. 374, 380, 785 P.2d 285, 291 (Ct.App.1989). Slade maintains that because the note and the mortgage resulted from the same transaction, i.e., the purchase of the real property, the action foreclosing on the mortgage and the action to recover on the underlying promissory note are necessarily the same cause of action. Thus, Slade reasons, Kepler was required to pursue all of his claims in the foreclosure action, and, because he failed to do so, his cause of action on the note is now barred. For the reasons discussed below, we disagree with Slade's contention.

■■■ Under the traditional common law rule, upon default by the mortgagor, a mortgagee [1] has independent remedies which he or she may pursue. The mortgagee may sue either on the note or foreclose on the mortgage, and may pursue all remedies "at the same time or consequently." *Belote v. McLaughlin*, 673 S.W.2d 27, 30 (Mo.1984) (en banc); *see also Berg v. Liberty Fed. Sav. & Loan Ass'n*, 428 A.2d 347, 349 (Del.1981) (en banc). As long as there is no double recovery on the debt, the mortgagee may pursue

---

1. As Bauers' assignee, Kepler has the same interest in the mortgage and promissory note as the mortgagee. Therefore, we make no distinction between a mortgagee and an assignee in our discussion.

either or both remedies. *City of St. Paul v. St. Anthony Flats Ltd.*, 517 N.W.2d 58, 62 (Minn.Ct.App.), *review denied* (Aug. 24, 1994). Absent a statute to the contrary, "state courts have uniformly held that holders of notes secured by a deed of trust can both sue the maker or guarantor and foreclose on the property regardless of which action they pursue first." *Szego v. Kingsley Anyanwutaku*, 651 A.2d 315, 317 (D.C.1994); *see also* 55 Am.Jur.2d *Mortgages* § 541, at 521 (1971) ("[T]he general rule ... is that a creditor whose debt is secured by mortgage may pursue his [or her] remedy in personam for the debt, or his [or her] remedy in rem to subject the mortgaged property to its payment." (footnote omitted)); 12 *Thompson on Real Property* § 101.04(b), at 391 (David A. Thomas ed., 1994) ("Except in states with one-action statutes, mortgagees may split their claims on the debt and under the mortgage.").

■ The distinction between the two remedies is found in the historic view that a foreclosure action is purely quasi in rem, affording relief only against the secured property, and a suit on a bond or note is in personam. *Resolution Trust Corp. v. Berman Indus., Inc.*, 271 N.J.Super. 56, 637 A.2d 1297, 1300 (1993); *see also Central Penn Nat'l Bank v. Stonebridge Ltd.*, 185 N.J.Super. 289, 448 A.2d 498, 504 (1982) ("A foreclosure proceeding is solely an action *quasi in rem* and the relief granted is only against the land itself, whereas, an action on the note is *in personam*." (citation omitted)); *P.S.G. Ltd. v. August Income/Growth Fund VII*, 115 N.M. 579, 584, 855 P.2d 1043, 1048 (1993) (stating that "A foreclosure action is one in which property rights concerning land are determined."). A judgment of foreclosure applies only to the property secured by the mortgage, and does not impose any personal liability on the mortgagor. *LaFarr v. Scribner*, 150 Vt. 159, 549 A.2d 651, 652 (1988). If the foreclosure of the mort-

gaged property fails to satisfy the debt secured by the mortgage, the creditor may then pursue an action on the underlying note. *Id.* 549 A.2d at 653.

■ Some jurisdictions have adopted legislation providing for a "one action" rule that requires a mortgagee to file only one lawsuit in which he or she pursues all remedies for a debt that is secured by a mortgage. *See, e.g.,* Cal.Civ.Proc.Code § 726(a) (West 1980 & Supp.1995); Idaho Code § 6–101(1) (1990 & Supp.1994); Utah Code Ann. § 78–37–1 (1992). One of the purposes of such statutes is to protect the mortgagor from multiple lawsuits since the mortgagee's separate causes of action, even though theoretically distinct, are closely connected and should be decided in one suit. *See F.D.I.C. v. Shoop*, 2 F.3d 948, 950 (9th Cir.1993) (discussing history and purpose of one action statutes); *cf. City Consumer Servs., Inc. v. Peters*, 815 P.2d 234, 236–37 (Utah 1991) (limiting Utah's one action statute to senior creditor in foreclosure action). In New Mexico, however, the legislature has not enacted a statute that would require a mortgagee to pursue all remedies in the same lawsuit.[2] Because the legislature has not indicated its intent to limit a mortgagee to one suit on a debt, New Mexico continues to follow the common law rule that a foreclosure action and a suit on the underlying note may be filed separately at the mortgagee's option. *See Porter v. Alamocitos Land & Livestock Co.*, 32 N.M. 344, 353, 256 P. 179, 183 (1927) (recognizing that holder of note secured by mortgage has two independent remedies that may be pursued successively or concurrently; no statutory prohibition against such a procedure). Since, under the common law, the two causes of action are separate and distinct, and no statutory provision prohibits a mortgagee from seeking payment of a debt in both a foreclosure action and an action on the underlying note, the doctrine of res judi-

**2.** Under the Deed of Trust Act, NMSA 1978, §§ 48–10–1 to –21 (Repl.Pamp.1987 & Cum. Supp.1994), a trustee or mortgagee is prohibited from filing a separate civil action to recover a debt if the trustee or mortgagee failed to file an action for deficiency judgment within twelve months after the subject real property is sold. NMSA 1978, § 48–10–17 (Cum.Supp.1994).

However, the Deed of Trust Act applies only to loans over $500,000, or to loans that benefit low-income households where the borrower agrees in writing to subject the real estate to the Deed of Trust Act. NMSA 1978, § 48–10–2 (Cum.Supp. 1994). Therefore, the Deed of Trust Act does not apply in this case.

cata does not apply. *See DiMatteo,* 109 N.M. at 380, 785 P.2d at 291.

■■■■ Merger is "an aspect of res judicata which prevents relitigation of existing judgments." *Brenton State Bank v. Tiffany,* 440 N.W.2d 583, 585 (Iowa 1989). However, when a creditor has a lien against a debtor's property, a judgment on the debt does not result in the creditor losing the benefit of the lien. Restatement (Second) of Judgments § 18 cmt. g (1982) (discussing the general rule of merger in the context of a judgment for plaintiff). Thus, the merger doctrine does not preclude a mortgagee from separately pursuing foreclosure and recovery on the underlying personal note. *See* 55 Am. Jur.2d *Mortgages* § 536, at 518 (promissory note is distinct from pledge of real estate evidenced by mortgage; mortgage is not intended to affect the promise to pay, but provides only a remedy for failure of performance).

Slade relies on *First State Bank v. Muzio,* 100 N.M. 98, 666 P.2d 777 (1983), *overruled on other grounds by Huntington National Bank v. Sproul,* 116 N.M. 254, 264, 266, 861 P.2d 935, 945, 947 (1993), to support her assertion that res judicata bars Kepler from suing her on the underlying promissory note. In *Muzio,* this Court held that a guarantor of a promissory note was barred from raising certain defenses in a foreclosure action because the guarantor defaulted on the action underlying the note. This Court viewed the defenses the guarantor sought to raise in the foreclosure action as "portions of the same cause of action dealt with in the default judgment action." *Id.* at 100, 666 P.2d at 779. *Muzio* is factually distinct from this case. Specifically, the promissory note at issue in *Muzio* had not been secured by a mortgage; in the first suit, on the note, the defendant defaulted, and the plaintiff obtained a lien on the property. The plaintiff then attempted to foreclose on the property in a second suit in order to enforce the prior judgment. The foreclosure action evolved directly from the prior judgment entered on the note, and thus the relationship between the two lawsuits satisfied the elements of res judicata. Therefore, the guarantor was barred from raising defenses in the fore-

closure action that he could have raised in the first lawsuit. "When a valid and final personal judgment is rendered in favor of the plaintiff ... the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action." Restatement (Second) of Judgments § 18(2). Here, in contrast to *Muzio,* the two causes of action are independent and distinct and may be pursued separately. *See Belote,* 673 S.W.2d at 30. We are therefore not persuaded that the reasoning of *Muzio* warrants a different result.

*Kepler* additionally argues that because he and Slade were coparties in the foreclosure action, his cause of action on the personal note was not compulsory, and therefore the doctrine of res judicata does not apply. *See Bennett v. Kisluk,* 112 N.M. 221, 224, 814 P.2d 89, 92 (1991); *see also Silva,* 106 N.M. at 474, 745 P.2d at 382 (for res judicata to apply, the "capacity or character of persons for or against whom the claim is made" must be identical). However, we do not address this issue because our determination that the causes of action at issue are separate and distinct is dispositive of the res judicata issue and because the argument is raised for the first time on appeal. *See Woolwine v. Furr's, Inc.,* 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987) ("Where the record fails to indicate that an argument was presented to the court below, unless it is jurisdictional in nature, it will not be considered on appeal.").

■■■■ To the extent Slade argues that the doctrine of equitable estoppel requires affirmance of the trial court's order, we reject such a contention. The party claiming estoppel must show that he or she had "lack of knowledge of the true facts in question," that he or she "relied on the estopped party's conduct," and that he or she took action as a result of the estopped party's conduct which prejudicially changed his or her position. *Green v. New Mexico Human Servs. Dep't,* 107 N.M. 628, 629–30, 762 P.2d 915, 916–17 (Ct.App.1988). The trial court made no findings of fact regarding equitable estoppel, nor are there any facts of record to support such a claim. "Matters outside the record present no issue for review." *State v. Smith,* 92 N.M. 533, 536, 591 P.2d 664, 667 (1979).

## CONCLUSION

Under the common law rule, an action to foreclose on real property is separate and distinct from an action to recover on an underlying promissory note. Therefore, absent a controlling statute, the doctrine of res judicata does not bar a mortgagee from seeking his or her remedies for a mortgagor's default either consecutively or concurrently. In this case, there is no controlling statute.

The order of summary judgment entered in favor of defendant is reversed. The case is remanded to the district court for further proceedings in accordance with this opinion. Plaintiff shall recover his appellate costs.

**IT IS SO ORDERED.**

RANSOM and FROST, JJ., concur.