This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RANDY MATA,**

Worker-Appellant,

v.                                                                              **No. 35,814**

**PANHANDLE OILFIELD SERVICES**
**and TRAVELERS INSURANCE CO.,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reginald C. Woodard, Workers' Compensation Judge**

Randy Mata
Raton, NM

Pro Se Appellant

Allen, Shepherd, Lewis & Syra, P.A.
Kimberly A. Syra
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Worker Randy Mata (Worker) appeals from the Workers' Compensation Administration's (WCA) compensation order awarding Worker temporary total disability benefits and permanent partial disability benefits for psychological injuries, and denying permanent partial disability benefits for Worker's alleged physical injuries. [RP 117; DS unnumbered 1] This Court issued a notice proposing to affirm based on Worker's failure to demonstrate error below. Employer/Insurer Panhandle Oilfield Services and Travelers Insurance Co. (Employer/Insurer), filed a memorandum in support, and  Worker filed a memorandum in opposition, both of which we have duly considered. Remaining unpersuaded by Worker, we now affirm.

{2}     Worker raised three central issues in his docketing statement: (1) Worker was denied a fair "trial," (2) Worker received ineffective assistance of counsel, and (3) numerous findings of the WCA were erroneous. [DS unnumbered 1–3] In our notice, we proposed to hold Worker failed to demonstrate any error in the manner in which the hearing was conducted or that the hearing was conducted unfairly [CN 3-4]; Worker is not entitled to effective assistance of counsel in a WCA proceeding [CN 5-6]; and Worker's assertion of contrary facts did not provide a basis for reversal of the WCA's order. [CN 6-7] In his memorandum in opposition, Worker does not contest our proposed holdings as to the first two issues. In response to our proposed affirmance based on the WCA's factual findings, Worker continues to cite contrary

facts and attached numerous exhibits to his memorandum in opposition. [MIO 1-2] As we explained in our notice, "[w]here the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted). [CN 7] Therefore, Worker's continued argument for reversal based on contrary facts, without demonstrating why the evidence in the whole record does not support the WCA's finding, does not provide a basis for reversal.

{3}     We point out the Rules of Appellate Procedure do not provide for the presentation of additional evidence as exhibits to a memorandum in opposition. *See* Rule 12-210(F) NMRA (providing the requirements for a memorandum in opposition). Furthermore, while this Court "review[s] workers' compensation orders using the whole record standard of review[,]" *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177, it is not clear whether Worker's proposed exhibits were presented to the WCA and part of the record below. *See Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating an appellate court reviews only matters that were presented to the trial court); *see also Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation

marks and citation omitted)). We therefore decline to consider Worker's proposed exhibits and hold the WCA's order was supported by evidence in the whole record. We note we would come to the same conclusion even if we considered the exhibits, as they are simply contrary evidence to the evidence relied on by the WCA.

{4}     Accordingly, for the reasons explained above and in this Court's notice of proposed disposition, we affirm.

{5}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**M. MONICA ZAMORA, Judge**