This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40158**

**PAUL MUELLER,**

Plaintiff-Appellant,

v.

**BRENT M. FERREL and GLASHEEN,
VALLES, AND INDERMAN LLP,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Judge**

Paul Mueller
Rio Rancho, NM

Pro Se Appellant

Jaramillo Touchet, LLC
David J. Jaramillo
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiff appeals the entry of adverse summary judgments concluding he failed to bring this malpractice action within the four years prescribed by NMSA 1978, Section 37-1-4 (1880). This Court issued a notice of proposed disposition proposing to affirm the judgments below. Defendants have filed a memorandum in opposition to that proposed disposition, which we have duly considered. Remaining unpersuaded that the district court committed error, we now affirm.

**{2}** Plaintiff's memorandum asks this Court to consider new evidence, which he alleges would establish "reasonable doubt" about facts relied upon by the district court in granting summary judgment. [MIO 1, 12-15, 16-17] We note that as more fully explained in our notice of proposed summary disposition, any grant of summary judgment is premised upon the existence of undisputed facts and the absence of any dispute regarding the relevant facts in this case was established by the parties' filings below. [CN 2-3] As a result, the "reasonable doubt" standard of proof has no bearing on any issue before this Court. *See* Rule 1-056(C) NMRA (authorizing summary judgments only where the documents filed establish that "there is no genuine issue as to any material fact").

**{3}** We further note that the new evidence attached to Plaintiff's memorandum does not appear in the record of proceedings below. Plaintiff does not suggest that this material was presented to the district court at any point, and it is a basic principle of appellate review that "[m]atters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted). For this reason, this Court "will not consider and [an appellant] should not refer to matters not of record." *In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431. Accordingly, we cannot consider the evidence that Plaintiff has attached to his memorandum.

**{4}** In any event, Plaintiff's new evidence overlooks and does not respond to our suggestion that "the motions for summary judgment, the responses, and the replies did not assert any disputes as to any fact necessary to the district court's ultimate resolution of whether Plaintiff's cause of action was barred by the limitations period prescribed by Section 37-1-4." [CN 4] Accordingly, we understand the facts established by those motions, responses, and replies to be the undisputed facts relevant to the issues on appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (explaining that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law" in this Court's proposed disposition).

**{5}** We also note that Plaintiff is not asserting he was unaware, in January of 2016, of the allegedly negligent manner in which Defendants prosecuted his personal injury case; instead, his complaint alleges that he was dissatisfied with Defendants and their alleged failure to pursue discovery as early as 2015. [RP 3] That complaint makes clear that this is the negligence underlying the present suit, asserting that "[a]ny diligent and competent attorney would have conducted basic discovery." [RP 4] Instead, Plaintiff's memorandum continues to assert, as a matter of law, that his cause of action against Defendants in this case did not accrue until he possessed a training manual capable of establishing the standard of care in a personal injury lawsuit. [MIO 2-12, 15-16] As explained in our notice, Plaintiff's injury did not arise from the discovery of that manual. [CN 9] To the contrary, once Plaintiff was able to obtain that manual, he used it to establish the duty of care that allowed him to prevail in his personal injury suit. [CN 6] Plaintiff continues to assert that these facts—about which there is not any dispute— mean that his personal injury suit was nonviable until he obtained the manual. [MIO 2,

6, 8, 11, 12, 16] That assertion continues to rely upon a misunderstanding of the meaning of the word "viable."

**{6}** Plaintiff's personal injury claims were viable if the personal-injury defendant violated a duty of care that led to his injuries. The training manual was evidence that allowed him to prove the relevant duty of care. The viability of those claims did not change when Plaintiff obtained the manual. Only his ability to prove those claims changed. As our notice explained, Plaintiff's argument

> conflates the viability of Plaintiff's underlying action with the evidence he later used to establish the claims asserted. Those claims were no more or less viable prior to the production of the training manual; rather, Plaintiff simply did not yet have a document useful to proving his claims.

[CN 6]

**{7}** Ultimately Plaintiff's repeated assertions that his claim was not viable until he had the training manual are not responsive to this Court's proposal that a legal cause of action accrues "when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action." *Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 29, 126 N.M. 717, 974 P.2d 1174 (internal quotation marks and citation omitted). [CN 6] In this case, the only relevant fact that Plaintiff claims not to have known was the fact that he would eventually prevail in the personal injury suit.

**{8}** Plaintiff's memorandum amounts to a continued assertion that not knowing that fact, because he had not yet obtained the training manual, meant that his malpractice claim was not viable. As more fully explained in our notice of proposed disposition, Plaintiff's argument relies upon a misunderstanding of the concept of viability. Plaintiff's repetition of arguments based upon that misunderstanding do not satisfy his burden on appeal. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing a proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As a result, Plaintiff's memorandum does not persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy*, 1998-NMCA-036, ¶ 24. Plaintiff has failed to do so. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the summary judgments entered below.

**{9}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**