This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41715**

**RYAN J. GRIFFIN,**

      Plaintiff-Appellant,

v.

**WEXFORD MEDICAL SERVICES,**
**AISTE CHAMBLIN, KENDRA KEE,**
**H.S.A. WASHINGTON, M. LEWIS,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Efren A. Cortez, District Court Judge**

Ryan J. Griffin
Delta, CO

Pro Se Appellant

Park & Associates, LLC
Celina C. Hoffman
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Plaintiff appeals an adverse summary judgment. This Court issued a notice of proposed disposition proposing to affirm that judgment. Plaintiff filed a "partial" memorandum in opposition to that proposed disposition that included a request for an extension to file a more complete memorandum in opposition. [MIO 5] This Court granted that request, and Plaintiff filed a "sustained" memorandum in opposition. [*See*

Amended MIO] Having considered both of those memoranda, we remain unpersuaded that the district court committed error, and now affirm.

**{2}** Plaintiff's memoranda raise two issues not addressed in his docketing statement by arguing that his failure to disclose a medical expert, as required by Rule 1-026(B)(6)(a) NMRA, was caused by Defendants' failure to provide him with his medical record and also that expert testimony is not necessary to establish the negligence claim asserted in his complaint. We construe the assertion of these new issues as a motion to amend the docketing statement.

**{3}** Because this case was decided by way of summary judgment, our standard of review is provided by Rule 1-056 NMRA, which requires a party moving for summary judgment to show its right to judgment as a matter of law on the basis of facts that are not in dispute. *ConocoPhillips Co. v. Lyons*, 2013-NMSC-009, ¶ 8, 299 P.3d 844; *see* Rule 1-056(C). The nonmoving party is then provided an opportunity to show that material facts actually are in dispute, that the movant's facts do not establish a right to judgment as a matter of law, or both. *See* Rule 1-056(D)(2) (providing for a response to the motion and describing its contents). As more thoroughly discussed in our notice of proposed disposition, the judgment in this case was based on Plaintiff's failure to comply with Rule 1-026, which left him "unable to establish essential elements of a negligence claim because he has no admissible evidence capable of establishing the duty, breach, and causation elements of negligence." [CN 3]

**{4}** Plaintiff now asserts that his failure to timely comply with that rule resulted from the fact that Defendants had not provided him with a complete copy of his medical records and also that he somehow did not receive a copy of the district court's amended scheduling order establishing the relevant deadline. In his response to Defendants' motion for summary judgment, Plaintiff asserted a "need to wait out the [d]iscovery process." [2 RP 313] To the extent Plaintiff was asserting a need for further discovery in order to respond to Defendants' motion, our rules address that circumstance. Rule 1-056(F) allows a party to ask the district court to delay ruling on a motion for summary judgment in order to allow discovery necessary to respond to the motion. In seeking such a stay, the nonmovant submits an affidavit explaining the need for additional discovery. *Id.* However, "vague assertions are insufficient; rather, the party 'must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 18, 146 N.M. 520, 212 P.3d 408 (quoting *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 38, 140 N.M. 111, 140 P.3d 532).

**{5}** In the present case, Plaintiff did not submit an affidavit explaining the need for additional discovery or otherwise invoke Rule 1-056(F) in his response to the motion for summary judgment. [2 RP 312-17] Instead, Plaintiff appears simply to have served Defendants with his first set of requests for production and his first set of interrogatories. [2 RP 291-297] In doing so, Plaintiff did not request any relief in connection with the pending summary judgment motion. [Id.] Then, although his summary judgment

response generally asserted that he did not have access to certain medical documents, Plaintiff made no attempt to specifically demonstrate that delaying a ruling on the motion would allow him to respond to the motion. [2 RP 312-17] Doing so would have required Plaintiff to address the fact that although this action was filed in June 2022, he made no attempt to use the discovery process until September 2023, after Defendants had already moved for summary judgment. [RP 1; 2 RP 291, 294]

**{6}**     Thus, when Defendants moved for summary judgment in September 2023, Plaintiff had neither provided the disclosures required by Rule 1-026(B)(6) nor made any attempt to use the discovery process to obtain the documents he now claims were necessary to comply with that rule. Our understanding of this circumstance is not altered by Plaintiff's assertion that he had not received an amended scheduling order establishing the relevant disclosure deadline. [Amended MIO 2] For more than a year preceding the summary judgment motion, nothing prevented Plaintiff from serving Defendants with discovery requests to obtain the documents necessary to prepare an expert witness. *See* Rule 1-034(B) NMRA (authorizing service of document requests without leave of court at any time "with or after service of the summons and complaint on that party").

**{7}**     Ultimately, it does not appear from the record on appeal that Plaintiff was pursuing discovery in his case. The record also does not disclose that Plaintiff sought any continuance or otherwise demonstrated a specific need for discovery in response to the motion for summary judgment. Accordingly, we conclude that Plaintiff did not seek relief pursuant to Rule 1-056(F), and the district court did not err in proceeding to rule on the merits of Defendants' motion.

**{8}**     With regard to those merits, we return to the question of whether Defendants were entitled to judgment as a matter of law because Plaintiff had no admissible evidence regarding "the standard of care applicable to his claims, any breach of that standard, or that any damages he suffered resulted from that breach." [CN 2] As a general rule, negligence claims against medical providers require expert medical evidence to establish the relevant standard of care and that the defendant's conduct breached that standard, resulting in damages to the plaintiff. *See Cervantes v. Forbis*, 1964-NMSC-022, ¶ 12, 73 N.M. 445, 389 P.2d 210. Nonetheless, such testimony may not be required where a case presents "exceptional circumstances within common experience or knowledge of the layman." *Id.* ¶ 13. In determining whether exceptional circumstances exist or the case is one in which the plaintiff must produce an expert, this Court looks to whether "the trial court reasonably decides that [expert testimony] is necessary to properly inform the jurors on the issues." *Gerety v. Demers*, 1978-NMSC-097, ¶ 74, 92 N.M. 396, 589 P.2d 180.

**{9}**     The negligence claim asserted in Plaintiff's complaint was that Defendants did not administer medical treatment indicated by the circumstances. [RP 1] Those circumstances, as described in the complaint were that "a growth of some sort began to grow out the side of [Plaintiff's] calf causing total immobility and very extreme pain." [1 RP 130] In his response to the summary judgment motion, Plaintiff asserted that his

claim was not for "medical malpractice per se" because he "had a clear on-going and currently growing out of control issue to the left leg that needed to be treated immediately." [2 RP 314] That response continued:

> This was a clear emergency, but would not be treated due to being under C[OVID] restrictions and living in a C[OVID] unit, where if Plaintiff was not under C[OVID] restrictions and living in a regular pod, [he] would have received the necessary care and treatment that he should have in the first place.

[Id.] Although Plaintiff did not support the facts asserted in his summary judgment response by affidavits or otherwise, as required by Rule 1-056(E), we will assume the truth of those assertions for purposes of determining whether the district court could reasonably have decided that expert testimony was necessary "to properly inform the jurors on the issues." *Gerety*, 1978-NMSC-097, ¶ 74.

{10}    Taking the relevant record as a whole, it appears Plaintiff's central assertion was that Defendants failed to diagnose and treat an acute medical condition while also apparently weighing considerations involving potential exposure to an unrelated infectious disease. Thus, based upon the sparse facts available in the record, it appears the negligence alleged by Plaintiff involved a diagnostic assessment, the selection and timing of treatment, and a risk assessment regarding possible exposure to infectious disease. Determining what course of action Defendants should have taken in those circumstances would involve the application of medical judgment, and not the common knowledge ordinarily possessed by an average person. We conclude the trial court could reasonably have decided that expert testimony was necessary in this case "to properly inform the jurors on the issues." *Id.*

{11}    Finally, we note that Plaintiff has attached a series of exhibits to his amended memorandum opposing summary affirmance. Those exhibits do not appear in the record of proceedings below. Plaintiff does not suggest that this material was presented to the district court at any point, and it is a basic principle of appellate review that "[m]atters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted). For this reason, this Court "will not consider and [an appellant] should not refer to matters not of record." *In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431. In any event, we are reviewing a summary judgment in this appeal and, as more fully explained in our notice of proposed summary disposition, any grant of summary judgment is premised upon the existence of undisputed facts and the absence of any dispute regarding the relevant facts in this case was established by the parties' filings below. [CN 2-3] As a result, the exhibits attached to Plaintiff's memorandum have no bearing on the issues in this appeal, and we cannot consider them in any event.

{12}    Plaintiff's memoranda do not persuade us that our proposed summary disposition was in error. Thus, for the reasons stated here and in our notice of proposed summary

disposition, we deny Plaintiff's request to amend the docketing statement and affirm the summary judgment entered below.

**{13}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**