This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42178**

**ALLAN SEAGER,**

Plaintiff-Appellant,

v.

**GARY MARCIEL, Director of Adult Prisons; NEW MEXICO CORRECTIONS DEPARTMENT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Allan Seager
Hobbs, NM

Pro Se Appellant

Raúl Torrez, Attorney General
Santa Fe, NM
Sarah M. Karni, Assistant Solicitor General
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** The opinion entered on March 17, 2025, is hereby withdrawn, and this opinion is substituted in its place, following Plaintiff's memorandum in opposition, filed March 19, 2025.

**{2}** Plaintiff appeals from the district court's order denying Plaintiff's petition for injunction. We issued a calendar notice proposing to affirm. Plaintiff has filed an untimely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{3}** Plaintiff continues to assert that the district court erred in denying his petition because the New Mexico Corrections Department (NMCD) has a legal obligation to maintain accurate records and to detain inmates according to accurate documentation. [MIO 1] In the notice of proposed disposition, this Court proposed to conclude that the district court properly construed Plaintiff's petition as a petition for writ of mandamus and that the district court did not abuse its discretion in denying the petition. [CN 3] Specifically, the proposed disposition suggested that the petition was insufficient to warrant issuance of a writ of mandamus because it failed to identify any legal authority that established NMCD had a ministerial duty to act. [CN 5] *See Brantley Farms v. Carlsbad Irr. Dist.*, 1998-NMCA-023, ¶ 22, 124 N.M. 698, 954 P.2d 763 (stating that in order for mandamus to issue, the act sought to be compelled must be ministerial, and defining a ministerial duty as one that a public official is "required to perform by direction of law upon a given state of facts being shown to exist"); NMSA 1978, § 44-2-4 (1884).

**{4}** In his memorandum in opposition, Plaintiff challenges our proposed conclusion that the petition failed to establish NMCD had a ministerial duty to act by directing our attention to various policies promulgated by the secretary of corrections. [MIO 1-2] However, nothing in the record indicates any of these policies were identified in Plaintiff's petition or brought to the district court's attention. Plaintiff has similarly failed to identify anything in the record to indicate he invoked a ruling from the district court regarding whether those NMCD policies create a ministerial duty. *See Crutchfield v. N.M. Dep't of Tax'n and Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). We therefore conclude Plaintiff did not invoke a ruling from the district court on, or otherwise adequately preserve for review, the issue of whether any of the NMCD policies identified for the first time in Plaintiff's memorandum in opposition created a ministerial duty. *See id.* ("To preserve error for review, a party must fairly invoke a ruling of the district court on the same grounds argued in this Court. Such preservation allows the district court an opportunity to correct error, thereby avoiding the need for appeal, at the same time creating a record from which the appellate court can make an informed decision." (citations omitted)). Furthermore, Plaintiff has not responded to our proposed conclusion that the legal authority identified in Plaintiff's petition—an opinion from this Court and an order from our Supreme Court—did not establish a ministerial duty. [CN 5] *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{5}** Accordingly, we conclude that Plaintiff has not demonstrated that the district court abused its discretion in denying his petition for writ of mandamus. *See N.M.*

*Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, ¶ 15, 460 P.3d 43 (reviewing the grant or denial of a writ of mandamus under an abuse of discretion standard).

**{6}** In addition, we note that though Plaintiff has attached a document to his memorandum in opposition that, according to Plaintiff, demonstrates that he "exhaust[ed] facility and administrative remedies" [MIO 2-3], we cannot consider evidence that was not presented to the district court. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)); *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that this Court "reviews the case litigated below, not the case that is fleshed out for the first time on appeal." (alteration, internal quotation marks, and citation omitted)). We also note that Plaintiff has abandoned his other assertions of error regarding furlough and serving notice on Defendant. [CN 6, 8] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{7}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**