This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42410

IN THE MATTER OF THE ESTATE
OF DANIEL AMEZCUA-GROVES,
Deceased.

KIMBERLY AMEZCUA,

      Plaintiff-Appellant,

v.

DEZIDERIA AMEZCUA, in her capacity
as Personal Representative of the
ESTATE OF DANIEL AMEZCUA-GROVES,

      Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Victor S. Lopez, District Court Judge

Kimberly Amezcua
Albuquerque, NM

Pro Se Appellant

The Law Office of Cristy J. Carbón Gaul
Carmela Starace
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Plaintiff appeals from the district court's order denying her motion for judgment and statement of noncompliance. We issued a calendar notice proposing to affirm.

Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**    Initially, we note that Plaintiff attached exhibits to her memorandum in opposition in support of her arguments rather than providing citations to the record proper. An appellate court reviews only matters that were presented to the trial court. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 ("This Court reviews the case litigated below, not the case that is fleshed out for the first time on appeal." (alteration, internal quotation marks, and citation omitted)). "Matters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted). To the extent that Plaintiff's exhibits are contained in the record proper, we note that they were considered in our review.

**{3}**    In Plaintiff's memorandum in opposition, she continues to argue that the district court erred by denying her motion to reconsider its prior order regarding ownership of real and personal property. [MIO 4-5] Plaintiff again acknowledges that it was a "late appeal," but nevertheless requests that this Court "use its discretion and entertain the late appeal and reverse the [district court's order denying her motion for reconsideration], and to rescind the settlement agreement." [MIO 4; *see also* 9-10, 17] However, as we explained in our calendar notice, Plaintiff has not demonstrated that her late appeal was due to court error in the way contemplated by our case law such that we can exercise our discretion to review the late appeal. [CN 3-4] Plaintiff has not provided this Court with any other facts or authority to demonstrate that we can exercise our discretion and have jurisdiction over this appeal. Accordingly, we conclude that because these issues stem from the district court's order denying her motion for reconsideration, from which Plaintiff did not file a timely notice of appeal, we cannot address them. *See* Rule 12-201(A)(1)(b) NMRA (explaining that for appeals coming from district court, a notice of appeal must be filed in the district court within thirty days of a final judgment). We further conclude that we limit our review to Plaintiff's issues stemming from the district court's denial of her motion for judgment and statement of noncompliance. [CN 5]

**{4}**    Next, Plaintiff continues to argue that the district court committed judicial misconduct. [MIO 4, 6, 8-9] Plaintiff asserts that the district court was biased, one-sided, violated rules of the judicial code of conduct, and failed to consider the exhibits she presented. [MIO 4, 8, 12, 20-22, 28-29, 32-33] In our calendar notice, we explained that based on our review of the record proper, it did not appear that Plaintiff had raised any of these issues before the district court. [CN 5] Rather, in her motion for judgment and statement of noncompliance, Plaintiff's argument pertained to enforcement issues of the settlement agreement—specifically, regarding a thumb drive with photos, compensation for breach of contract, and Defendant's failure to follow the no-contact order. [CN 5-6] In her memorandum in opposition, Plaintiff has not provided us with any additional facts or citation to the record proper to demonstrate that she raised her issues concerning judicial misconduct to the district court. *See Valerio v. San Mateo Enters., Inc.*, 2017-NMCA-059, ¶ 37, 400 P.3d 275 (recognizing that where claims were not before the

district court, no judgment could have been or was entered with respect to them). Accordingly, because these issues are unpreserved, we conclude that they are not properly before us, and we decline to address them. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

**{5}** Plaintiff also continues to argue that the district court allowed the misconduct of opposing counsel including *ex parte* communications. [MIO 6, 11, 16] Specifically, Plaintiff contends that the district court allowed opposing counsel "to cite incorrect laws and statutes and make dishonest statements under oath in affidavits and in court hearings." [MIO 11, 23-27] In addition, Plaintiff argues that "[o]pposing counsel knowingly presented documents and statements that were dishonest in this and in other subsequential filings." [MIO 16] However, as noted in our calendar notice, although Plaintiff attached numerous exhibits of opposing counsel's alleged misconduct, the district court found that "[opposing counsel] did not engage in professional misconduct during these proceedings." [2 RP 361] We explained that Plaintiff had not provided any facts or authority to demonstrate that opposing counsel engaged in misconduct. [CN 7] In Plaintiff's memorandum in opposition, she again has not provided this Court with any other facts or authority that support her contentions about opposing counsel's conduct. Accordingly, we conclude that Plaintiff has not met her burden in demonstrating that the district court erred in finding that opposing counsel did not engage in misconduct or *ex parte* communications. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alterations, internal quotation marks, and citation omitted)).

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

**{7}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**