This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-43150**

**BELINDA ROBERTSON,**

      Petitioner-Appellant,

v.

**CALE ROBERTSON,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

Belinda Robertson
Las Cruces, NM

Pro Se Appellant

Cale Robertson
Mesilla Park, NM

Pro Se Appellee

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**     Petitioner, a self-represented litigant, appeals from the district court's amended final order of dissolution. We issued a calendar notice proposing to affirm. Petitioner has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Initially, we note that Petitioner attached documents to her memorandum in opposition in support of her arguments rather than providing citations to the record proper. An appellate court reviews only matters that were presented to the trial court. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M.

691, 964 P.2d 855; *see id.* ("This Court reviews the case litigated below, not the case that is fleshed out for the first time on appeal." (alteration, internal quotation marks, and citation omitted)). "Matters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted). To the extent that Petitioner's documents are contained in the record proper, we note that they were considered in our review.

**{3}**    In her memorandum in opposition, Petitioner has attempted to correct some of the deficiencies outlined in our calendar notice by providing this Court with more facts about what occurred in the district court. Petitioner argues that the district court erred when it adopted the recommendations of the guardian ad litem. [MIO 49] She states that she "testified that she wanted to have joint custody of the children" and that the award of sole legal and physical custody of all children to Respondent was error "because it was not in the best interest of the children." [MIO 49-50] Petitioner further states that she "was determined to be normal after the fitness for custody examination and [she] told the [district] court she wanted to have joint custody for all the children." [MIO 50] Although Petitioner has attempted to correct some of the deficiencies outlined in our calendar notice, we remain unpersuaded. Petitioner has not provided any other facts or evidence to demonstrate how the district court's award of sole legal and physical custody was error. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact." *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}**    Moreover, to the extent that Petitioner asks this Court to reweigh the evidence and her testimony regarding her request for joint custody, we cannot do so. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder"); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{5}**    Petitioner also continues to pursue her contentions regarding money laundering, violence and domestic abuse, child abuse, and violations of the United States Constitution and the New Mexico Constitution. [MIO 52-74] Although Petitioner has provided us with more detail regarding the proceedings below, she has not demonstrated how these facts support her contentions that the district court erred. Petitioner has not provided us with authority or argument that persuades us that the district court erred when it adopted the guardian ad litem's recommendations and made

the custody determination. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**