The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: June 11, 2026

**No. A-1-CA-42283**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellant,

v.

**DAVID HENRY BOWERSOX**
**a/k/a DAVID BOWERSOX,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl Swanson, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellee

**OPINION**

**HANISEE, Judge.**

{1}     The State appeals the district court's dismissal without prejudice of charges against Defendant David Henry Bowersox, arguing that the district court erred by neglecting to consider required factors before sanctioning the State. Defendant argues that NMSA 1978, Section 39-3-3(B)(1) (1972), does not provide jurisdiction for dismissals without prejudice, per our Supreme Court's recent decision in *State v. Skeets*, ___-NMSC-___, ___ P.3d ___ (S-1-SC-40418 Feb. 12, 2026). Under *Skeets*, when the state is itself empowered to refile a dismissed "nascent prosecution . . . at the district court level," *id.* ¶ 13—which we now hold to include those in which a determination of probable cause has been made by a grand jury or judge but in which an arraignment is not held within the relevant time limits—then "the district court's order has not completely disposed of the case [and] it is not final." *Id.* (holding same for cases in which the state has yet to obtain a determination of probable cause). We therefore agree with Defendant and affirm the district court.

**BACKGROUND**

{2}     On February 8, 2024, Defendant was indicted on two counts of possession of a controlled substance. When Defendant failed to appear for his arraignment, a bench warrant was issued. Defendant was arrested on September 24, and an amended criminal summons was issued on September 26. His arraignment was then

rescheduled for September 30. That arraignment was vacated when the State failed to appear at the scheduled time.[1] The district court filed an order in which it acknowledged the State's unsuccessful attempt to join the hearing via Google Meet but nonetheless construed the delay against the State, per the applicable local rule. *See* LR3-303(D)(2) NMRA. Defendant's arraignment was reset for October 4, one day after the seven-day deadline set forth in the local rule. *See* LR3-303(D)(2) ("[T]he arraignment of a defendant in custody on the case to be arraigned shall be held no later than seven (7) days after the filing of the bind-over order, information, indictment, or date of arrest, whichever is later."). On October 3, defense counsel filed a motion to dismiss based on LR3-303(D)(2), asserting that the State violated the rule by failing to arraign Defendant on or before October 3. The district court considered Defendant's motion to dismiss during the arraignment held the next day, and it issued an order granting the motion without prejudice based on the "State's failure to arraign [Defendant] within seven (7) days in violation of [LR]3-303." The State appeals from the order of dismissal without prejudice.

---

[1]The State provides reasons for its absence at the scheduled proceeding on appeal, but concedes that none of those reasons appear in the record. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). While the State explains it was not afforded an opportunity to make a record regarding its absence, our holding today does not turn on the State's culpability. Accordingly, we assume without deciding that the State failed to appear on September 30, 2024, and decline to consider the reasons for this failure.

**DISCUSSION**

{3}    The parties advance several arguments on appeal, but chief among them entails whether this Court has jurisdiction under the circumstance of this dismissal without prejudice. The State argues we do under Section 39-3-3(B)(1). *See id.* ("In any criminal proceeding in district court an appeal may be taken by the state to the [S]upreme [C]ourt or [C]ourt of [A]ppeals, as appellate jurisdiction may be vested by law in these [C]ourts . . . within thirty days from a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts."). Defendant answers that the order of dismissal without prejudice is not a final order, per *Skeets*. *See* ___-NMSC-___, ¶ 13. The State replies that *Skeets*—issued after the State filed its brief in chief—applies only to cases lacking probable cause as determined by a district court following a preliminary hearing. We agree with Defendant and explain, noting that our holding on this point obviates the remaining arguments.[2]

---

[2]Those arguments from the State are that the district court was required by both the local rule and prior precedent to consider certain factors on the record in order to explain its reasoning for ordering sanctions, and that it was wrongly denied an opportunity to respond to Defendant's motion to dismiss. As to the former, the State points to the district court's need to have considered the factors of culpability, prejudice, and lesser sanctions. *See* LR3-303(T); *see also State v. McWhorter*, 2022-NMCA-011, ¶¶ 14, 17, 505 P.3d 865 (explaining a framework that includes considerations of culpability, prejudice, and lesser sanctions and that "provides appropriate tools for evaluating the type of sanction that the district court may impose," based on *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, and *State v. Le Mier*, 2017-NMSC-017, 394 P.3d 959). We agree that district courts

{4}     We review questions of jurisdiction de novo. *See State v. Heinsen*, 2005-NMSC-035, ¶ 6, 138 N.M. 441, 121 P.3d 1040. We first summarize *Skeets* and then determine whether it controls this case. In *Skeets*, the district court dismissed a defendant's charges after holding a preliminary hearing, finding an absence of probable cause. *See* ___-NMSC-___, ¶ 1. The state appealed, pointing to Section 39-3-3(B)(1) for jurisdiction. ___-NMSC-___, ¶ 2. Our Supreme Court disagreed that such granted jurisdiction for orders of dismissal without prejudice where "the [s]tate has numerous available options to restart the nascent prosecution." *Id.* ¶ 13. The Court reasoned that a finding of no probable cause at a preliminary hearing does not permanently end the prosecution since the state still has other immediate options to pursue the charges under Rule 5-201 NMRA, such as refiling the charges by complaint, as a new criminal information, or seeking a grand jury indictment. *Skeets*, ___-NMSC-___, ¶ 13. Because orders are only final when they "resolve[] all of the factual and legal issues before the court and completely dispose[] of the case," *Heinsen*, 2005-NMSC-035, ¶ 14, which our Supreme Court held not to be the case

remain obligated to consider the aforementioned factors in keeping with *McWhorter*, *Harper*, and *Le Mier* in the process of determining sanctions when a right to appeal exists, such as for sanctions excluding witnesses or evidence, or for the extreme sanction of dismissal with prejudice. As to the latter, the State points to Rule 5-120(E) NMRA and jurisprudence governing the opportunity to respond to motions prior to their being ruled upon. However, without a right of appeal this argument evades present review. *See Skeets*, ___-NMSC-___, ¶ 13.

in *Skeets* given the tools available to the state to revive its prosecution, the order of dismissal was not final. *See Skeets*, ___-NMSC-___, ¶ 13.

{5}     The Court also rejected the state's argument that the order was practically final, because the doctrine of practical finality only applies when a given issue otherwise would entirely escape review. *Id.* ¶¶ 14-21. In arguing *Skeets* to be "narrowly applicable to dismissals for lack of probable cause at the *outset* of a case," and emphasizing our Supreme Court's use of the word "nascent" to focus attention on the absence of a prior probable cause determination in *Skeets*, unlike in this case, the State misses the point of *Skeets*: that is, that the "better path is the one which serves the timely administration of justice." *See id.* ¶ 18. By this expression, we view our Supreme Court to emphasize an overarching goal of advancing criminal cases to the benefit of the state, the defendant, and the public. And that, as well as the need to facilitate judicial economy as possible in a given case, is all the more present herein, because unlike in *Skeets*—where probable cause had yet to be determined— the State here could simply refile the case as a criminal information supported by probable cause as previously determined. *See* LR3-303(Q) ("If a probable cause determination has been made by preliminary hearing or grand jury and the court dismisses the case without prejudice, the same charges may be refiled under the same case number by information within six (6) months of the dismissal without requiring a new probable cause determination."). As such here, immediate appellate review

was not only unnecessary but an all the more needless consumption of time and resources. *See Skeets*, ___-NMSC-___, ¶ 18. While we agree with the State that a preliminary hearing in the absence of probable cause is a particularly nascent[3] prosecution, we are hard pressed to determine an indicted defendant yet to be arraigned is a markedly more advanced criminal case, particularly given the dismissal without prejudice determined to be nonfinal in *Skeets* is centrally rooted in the timely administration of justice.

{6}      More specifically in this regard, our Supreme Court pointed to the charges in *Skeets* as having aged nearly three years once the appeal was completed, whereas refiling the charges could have led to a new probable cause hearing within days. ___-NMSC-___, ¶ 18. Similarly, here, it is presently well over two years since Defendant allegedly committed the charged acts. Permitting appeal of a district court ruling that could effectively otherwise be nullified by the State itself is here, as in *Skeets*, "a disservice to the interests of justice" for both the State and Defendant. *See id.* And again here, "[t]he State offers no compelling reason why the appellate path is preferable to a readily available, more efficient, alternative path for a probable cause determination[,]" particularly given the probable cause determination—having

---

[3]"Nascent" is defined as follows: "Coming or having recently come into existence." *Merriam-Webster*, *Nascent*, https://www.merriam-webster.com/dictionary/nascent (last visited June 3, 2026). We view this term, chosen by our Supreme Court, to apply as well to cases in which probable cause determinations are recently made.

already here have been made by a grand jury—is not erased by the dismissal for six months. *See id.* Like our Supreme Court in *Skeets*, we are loath to permit such a "significant delay in the administration of justice." *See id.* We conclude the inability to appeal in such a circumstance therefore does not prejudice the State, since charges can be refiled and the case begun anew in this circumstance mere hours after an order of dismissal without prejudice is issued.

**{7}**     Despite the difference in charging forums—a preliminary hearing seeking to establish probable cause in district court versus a routine district court proceeding following a grand jury's determination of probable case—the circumstances in *Skeets* are not so meaningfully distinct from the circumstances in this case to preclude our application of the *Skeets* holding, particularly given the availability of LR3-303(Q) to the State to immediately commence anew by process of filing a criminal information. We therefore hold that the State does not have a right to appeal under Section 39-3-3(B)(1) for orders of dismissal without prejudice for failure to arraign a defendant within the relevant time limits, since such orders do not completely dispose of a case. We conclude that the order of the district court appealed to us by the State is neither final nor practically final, and therefore Section 39-3-3(B)(1) does not provide us with jurisdiction to decide the merits of the appeal.

**CONCLUSION**

**{8}**     Determining there to be no jurisdiction for appeal, we affirm.

**{9}   IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JACQUELINE R. MEDINA, Chief Judge**

_____
**KRISTOPHER N. HOUGHTON, Judge**