This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42129**

**NATIONSTAR MORTGAGE, LLC,**

Plaintiff/Counterdefendant-Appellee,

v.

**MARIA XIMENA VAN GELDER,**

Defendant/Counterclaimant/
Cross-Defendant/Appellant,

and

**JOHN AND MARTHA OLIVAS,**

Intervenors-Appellees,

and

**ORLANDO SALCEDO-EGAS and
MARTA AZOCAR-SALCEDO, husband
and wife,**

Defendants/Cross-Claimants,

and

**MARIA XIMENA VAN GELDER and
MARTHA ALOMIA,**

Counterclaimants-Appellants,

v.

**NATIONSTAR MORTGAGE, LLC,**

Counterdefendant-Appellee,

and

**ORLANDO SALCEDO-EGAS and
MARTA AZOCAR-SALCEDO, husband
and wife,**

Counterdefendants,

and

**STEWART TITLE OF ALBUQUERQUE
and SUNWEST TRUST,
INC.,**

Third-Party Defendants.

**JOHN OLIVAS,**

Plaintiff-Appellee,

v.

**ANY & ALL PARTIES OCCUPYING THE
PROPERTY,**

Defendants-Appellants.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY
Rosie Lazcano Allred, Metropolitan Court Judge**

McCarthy & Holthus LLP
Jason C. Bousliman
Albuquerque, NM

for Appellee

John Olivas
Martha Olivas
Albuquerque, NM

Pro Se Appellees

Maria Ximena Van Gelder
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant, a self-represented litigant, appeals from the metropolitan court's entry of judgment in favor of Plaintiff's forcible entry or detainer request to remove Defendant from the home, and awarding seventy-seven dollars in prorated rent. This Court issued a calendar notice proposing to affirm. Plaintiff filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Although the appeal currently before this Court is limited to Defendant's challenge to the metropolitan court's judgment, Defendant's docketing statement previously provided "extensive discussion of facts involving title to the home" and a "statement of issues involving a separate district court case" involving a foreclosure action against Defendant. [CN 3] We proposed to affirm the metropolitan court's judgment, stating that because "Defendant has presented no allegations of error and has not otherwise complied with Rule 12-208(D) [NMRA], there is nothing for this Court to review." [CN 3, 6] As we notified Defendant in our proposed disposition,

> Here, the deficiencies in Defendant's docketing statement prevent us from fulfilling our role of addressing appellate issues and reviewing the rulings of the metropolitan court. Defendant does not provide any facts pertinent to metropolitan court proceedings, nor do they address or challenge the substance of the judgment[] from which they appeal—all of which are required for our review.

[CN 5]

**{3}** In Defendant's memorandum in opposition, Defendant continues to argue issues relevant to the district court foreclosure action and asserts arguments related to the chain of title of the home. [MIO 3-32] As we notified Defendant, these issues are beyond the scope of our review on this appeal. [CN 5] *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). Although Defendant does now provide a brief discussion of the metropolitan court bench trial and an assertion that the metropolitan court should have allowed Defendant to admit evidence [MIO 28], Defendant's description fails to provide an explanation of the proceedings or facts relevant to Defendant's issue such that this Court may review Defendant's assertion of error. While this Court will review arguments by self-represented litigants to the best of its ability, *see Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 769 P.2d 262, this Court "will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. As such, Defendant's memorandum in opposition has failed to direct this Court to error in our proposed resolution of this issue. *See Hennessy v. Duryea*, 1998-

NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**